We think the ruling was erroneous. Fraud against creditors always consisted in the corrupt intent of the parties to the transaction. The statute of frauds (13 Eliz., ch. 5) defines fraudulent conveyances as "feigned, covinous and fraudulent feoffments," c., "devised *Page 569 
and contrived of malice, fraud, covin, collusion or guile, to the end, purpose and intent to delay, hinder or defraud creditors," and they are described in the same language in the early reënactment of that statute in this state. (1 R.L., 75.) In the Revised Statutes, though the language is more refined the meaning is the same. Fraudulent conveyances are such as are made "with the intent to hinder, delay or defraud creditors or other persons of their lawful suits," c. (2 R.S., 137, § 1.) It is also declared that the question of fraudulent intent shall be a question of fact and not of law, and that no conveyance shall be adjudged fraudulent as to creditors solely on the ground that it was not founded on a valuable consideration (§ 4); and, moreover, the parties to such conveyances are declared to be guilty of a criminal offence. (Id., 690, § 3.) In this case the party who made the alleged fraudulent transfer was a competent witness, and he was examined as to the facts of the transaction by the plaintiff, who sought to set aside the conveyance. It may be that the circumstances disclosed by him would lead to the conclusion that the assignment was fraudulent, notwithstanding anything which he might say as to his motives in making it. That was a question for the referee to determine after he had heard all the testimony respecting it, and it is one upon which we express no opinion. There are cases which present circumstances in themselves conclusive evidence of a fraudulent intent; and there no proof of innocent motives, however strong, will overcome the legal presumption: thus, where an insolvent debtor conveys his estate to a trustee, with a reservation in his own favor, or with some provision which the courts have determined to furnish conclusive evidence of fraud. In such cases the oath of the assignor, that his motives were pure, would be idle, and could not affect the determination one way or the other. But where the facts do not necessarily prove fraud, but only tend to that conclusion, the evidence of the party who made the conveyance, when he *Page 570 
is so circumstanced as to be a competent witness, should be received for what it may be considered worth. (Cunningham v.Freeborn, 11 Wend., 241, 254.) This case did not present a feature which so conclusively established the alleged fraud that it was not incapable of being overcome by rebutting evidence. Among the facts which might be shown in answer to the plaintiff's case is certainly this, that the party making the conveyance had no intention of delaying or defrauding his creditors.
The judgment of the supreme court must, for this reason, be reversed.
All the judges, except WRIGHT, J., who was not present, and COMSTOCK and MITCHELL, Js., who were of the opinion that the ruling by the court below on the question above discussed was correct, concurred in reversing the judgment on the ground stated in the foregoing opinion.
MITCHELL, J., delivered an opinion in favor of reversing the judgment on other grounds; but the court did not pass upon any question in the case except that above stated.
Judgment reversed.