LOOMIS BALLARD *and others v.* EZEKIEL S. LOCKWOOD, *impleaded, &c.*

The complaint averred a fraudulent agreement between the defendants L. composing a copartnership, and G., to obtain goods on G.'s credit, on representations made by L. of G.'s solvency and good standing; and alleged that the representations of L. to the plaintiffs, and the purchase made of the plaintiffs by G., on such representations, " were made in pursuance of such fraudulent agreement, and were a device and contrivance" between L. and G. to obtain the goods of the plaintiffs,—*Held*, on appeal from judgment after verdict, that the complaint was sufficient.

    1. It matters not what the claim is termed in the complaint, or what word is employed by the defendant to express the legal effect or result of the acts alleged. It is enough that they form the basis of a demand.

    2. Nor is it necessary to aver that the representations on which plaintiffs parted with their goods were false. It is sufficient to allege that they were made by the defendants well knowing the truth to be the converse.

A complaint is " duly verified " within § 4 of the act of 1857, in relation to the Marine Court, if made by one of several plaintiffs united in interest. It is not necessary to state that the person making it is acquainted with the facts.

In an action to recover damages sustained by reason of the fraudulent representations of the defendant concerning the credit and good standing of another, doing business under the designation of agent, it is wholly immaterial whether or not it is the understanding in mercantile circles that a person doing business under such designation is not responsible.

Ballard v. Lockwood.

And in such an action, it is immaterial whether the plaintiff received any information as to the standing of the party from mercantile agencies, or whether the plaintiff was a subscriber to such agencies; the question to be tried being whether the defendant made the statements untruly and from bad motives.

Although a motion for nonsuit might have been properly granted on plaintiff's resting his case, on the ground that the evidence was too slight to sustain the claim, yet, where the case was subsequently strengthened by the defendant's witnesses, the exception taken on denying that motion is not available on appeal.

It is a matter of discretion for the judge to exclude a question on the ground that it has already been answered in effect; and as such, the exclusion is not reviewable on appeal.

Questions to a witness whether certain representations alleged in the complaint were made " with intent to deceive or mislead;" and whether, in his representations, " he spoke and acted in good faith, and in the belief that what he said was true,"—*Held*, properly excluded. [The case distinguished from *Seymour* v. *Wilson*, 14 N. Y. 567.]

Judgment may be rendered against one defendant alone in the Marine Court in cases embraced by section 136 of the Code, although that section does not apply to the Marine Court.

APPEAL by the defendant from a judgment of the Marine Court, at General Term.

The plaintiff's cause of action is stated in the following paragraph of his complaint :

" The plaintiffs are informed, and believe, and aver the fact to be, that at or about the time of the sale of said goods by the plaintiffs to the said Thomas Gill, and the making of representations hereinbefore referred to by the said Lockwood Brothers, the said Gill was indebted to the said Lockwood Brothers in the amount of thirteen thousand dollars, or thereabouts, and was well known by the said Lockwood Brothers to be insolvent, and unable to pay his debts, and with a view to obtain payment of their own debts, it was agreed between the said Gill and the said Lockwood Brothers, that the said Gill should endeavor to purchase goods from various merchants in the city, and should refer to the said Lockwood Brothers as to his responsibility, and that the said Lockwood Brothers should represent him to be solvent and in good credit, and that such

goods, when purchased, should be transferred to the Lockwood Brothers in payment of their debts, or sold at auction by them, and the proceeds applied to the payment of their debt; and the plaintiffs believe, aver, and charge the fact to be, that the application of said Gill to the plaintiffs to purchase said goods, the reference to the said Lockwood Brothers, and the statements made by the said Lockwood Brothers, were all made in pursuance of such fraudulent agreement, and were a device and contrivance between the said Lockwood Brothers and the said Gill to obtain the goods of the plaintiffs, to be applied to the payment of the debt of the said Lockwood Brothers."

The complaint was verified as follows:

" Charles E. Williams being duly sworn, says : That he is one of the plaintiffs in this action; that the foregoing complaint is true of his own knowledge, except as to the matters therein stated on information and belief, and as to those matters he believes it to be true."

The defendant Gill was not served. E. S. Lockwood and Alexander Lockwood put in special defences.

On the trial, and before the proofs were gone into, the defendants' counsel moved that the complaint be dismissed, on the ground that the action was purely a personal action, and could not be brought against a partnership firm as such, and that no representations were charged by the complaint upon any individual, but only upon the firm of Lockwood Brothers. The Court denied the motion.

The exceptions taken on the trial are stated in the opinion of the Court. The Court below rendered verdict for plaintiffs against the defendant E. S. Lockwood, and in favor of the defendant A. Lockwood; upon which judgment was duly entered in favor of plaintiff against the defendant E. S. Lockwood; and defendant E. S. Lockwood appealed to this Court.

*E. R. Bogardus*, for appellant.

I. The act of 1857 is imperative, that the complaint *duly verified* shall be served with the summons; this verification must be in conformity with the Code, which is not complied with in this case, as the verification does not state that the person making it is acquainted with the facts. (Code, § 157). The

Ballard v. Lockwood.

verification, if by one of several plaintiffs united in interest, must be by one of the parties *acquainted with the facts*. *Boston Locomotive Works* v. *Wright*, 15 How. 256.

II. The complaint should have been dismissed on motion. (1.) An action of deceit or conspiracy cannot be maintained against a partnership firm as such, nor can false representations be properly alleged to be made by a firm, but must be charged against individuals only. But an action of deceit is strictly a personal action, and neither survives nor is assignable. *Zabriskie* v. *Smith*, 13 N. Y. 322. (2.) The complaint does not contain a cause of action, for it does not allege that any of the representations charged to have been made were *false*, nor any *scienter ;* but these are the *gist* of the action. The omission is fatal even after verdict. *Zabriskie* v. *Smith*, 13 N. Y. 322; *Young* v. *Covell*, 8 Johns. 19; *Pasley* v. *Freeman*, 3 Term, 51; 2 Smith's L. Cases, 55; 2 Chit. Pl. 702, 703 and notes.

III. The evidence excluded tending to show the plaintiff's knowledge of Gill's circumstances, should have been admitted. *McAllister* v. *Sexton*, 4 E. D. Smith, 41; *Star* v. *Bennet*, 5 Hill, 303.

IV. The verdict determined the *issue* in the defendant's favor, and judgment thereon should have been entered in favor of both defendants. No conspiracy, no firm liability, no firm representations, no conversion by the firm, are found by the jury. To sustain the judgment, an entirely *different cause of action* must be inserted in the complaint, based on certain definite representations alleged and proved to be false. This would be unjust to allow. *Waldheim* v. *Sickell*, 1 Hilton, 45; *Howe* v. *Wilson*, 1 Den. 181.

*Stillwell & Swain*, for respondents, contended that the complaint was duly verified, and cited *Southworth* v. *Curtis*, 6 How. Pr. 271; *Harnes* v. *Tripp*, 4 Abbott's Pr. 232; also that if the objection of a defect of parties were valid, it could only be taken by demurrer or answer (Code, §§ 144, 147, 148; and *Zabriskie* v. *Smith*, 3 Kern. 322); and that it was not law that false representations cannot be properly alleged to be made by

11

Ballard v. Lockwood.

a firm. *Pattan* v. *Gurney*, 17 Mass. 182; *Medbury* v. *Watson*, 6 Metcalf, 247, 257; *Stiles* v. *White*, 11 *id.* 356.

BY THE COURT.—BRADY, J.—This action was predicated of the charge that the defendants Lockwood, in order to obtain payment of the debt due to them by Gill, made an arrangement with him, by which it was understood and agreed that he should endeavor to purchase goods from various merchants in the city of New York, and should refer the latter to them as to his responsibility, and that they should represent him to be solvent and in good credit, and that the goods, when purchased, should be transferred to them, in payment of their debt, or sold at auction by them, and the proceeds applied to such payment. And the plaintiffs maintained the truth to be that representations as to the solvency of Gill were made to plaintiffs by the defendants Lockwood, pursuant to that device, and that goods were obtained from the plaintiffs by Gill, by virtue of such representations. And further, that the defendants Lockwood, although they stated the fact to be otherwise, knew well that Gill was insolvent and unable to pay his debts. Assuming the facts here stated to have existed, and the charge also stated to have been truly made, there can be little doubt of the liability of the defendants Lockwood for the amount of property obtained through their instrumentality.

It matters not what the claim was termed in the complaint, or what word was employed by the plaintiff to express the legal effect or result of the acts alleged. It is enough that they formed the basis of a demand. Nor does it affect the integrity of the cause of action stated, that the representations made by defendants Lockwood, are not averred to have been false. They are alleged to have been made by them they well knowing the truth to be the converse of what was said. The complaint was sufficient in form and substance, therefore.

The verification was also sufficient. It was made by one of the plaintiffs and was, for that reason, made by one of several parties united in interest, who was acquainted with the facts. The act of 1857 (Laws, 1 vol. 599), however, only provides that the complaint shall be duly verified, and sec. 157 of the code does not apply to the Marine Court. The form of verification is not prescribed by act of 1857.

Ballard v. Lockwood.

No exception appears to have been taken to the charge, and the issues must be presumed to have been properly presented to the jury for their consideration, and, unless some of the exceptions taken during the trial require it as matter of right, the verdict cannot be disturbed:

It may be proper to remark here, that there is evidence of a combination in the case, and although we might be disposed to regard it as slight, it was, nevertheless, sufficient to sustain the finding. The proper tribunal has so declared, and we are concluded by such avowal. The first exceptions to which our attention has been called, and the questions which gave rise to them, are irrelevant. It was wholly immaterial what was the understanding in mercantile circles to be drawn from a person's doing business under the designation of an agent, or whether the plaintiffs received any information from mercantile agencies, or whether the plaintiffs were subscribers to such agencies. The question to be tried was whether the defendants Lockwood had made statements untruly and from bad motives. The plaintiffs were not on trial on any question of intent or negligence, and if they chose to rely on the defendants' statements they had the right to do so. The question at fol. 45 had some bearing on the fact, whether the goods were not obtained from the plaintiffs to be sold at auction to raise money on, but if it had not, it is quite clear on the whole case, that it could not have prejudiced the defendants.

The goods purchased from the plaintiffs were, in fact, exposed for sale at the defendants', Lockwoods', auction rooms, on the day after the sale of them to Gill. They were straw goods, and the defendants were to have straw goods to secure them. The motion for nonsuit might, I think, have been properly granted, the evidence having been very slight when the defendants rested to sustain so grave a charge as that made by them, but the case was strengthened by defendant E. S. Lockwood's examination, and the exception taken on denying that motion cannot avail the defendants now. The question at fol. 62, as to Mr. Lockwood's confidence and belief in Gill's responsibility, was properly rejected, because he had already stated that up to the day before Gill stopped, his confidence in him had not been impaired, and there was no necessity for multiplying his statements to the same effect. The exclusion of a

question under such circumstances, must be a matter of discretion, and as such, not reviewable. Were there no other objection to the question asked, this would be sufficient to justify its exclusion.

This inquiry having been thus disposed of, the defendants' counsel asked Mr. Lockwood to state whether or not, in the conversation he had with Mr. Williams or others, in regard to Gill's affairs, he had any intent to deceive or mislead, and this being excluded, the counsel then asked Mr. Lockwood to state whether or not, in the conversation with Mr. Williams, he spoke and acted in good faith, and in the belief that what he said was true and correct, and this was also excluded. The objection stated to both inquiries was, that the witness could not testify as to his intent, but only as to acts and facts, from which the jury were to infer the intent. The defendants' counsel places his right to have one of the questions, at least, answered, on the authority of *Seymour* v. *Wilson*, 14 N. Y. 567. That case was brought to set aside an assignment which was alleged to have been made with the intent to hinder, delay, and defraud creditors, which was the sole issue in the cause. The assignor, on cross-examination, was asked whether, in making the assignment to the defendants, he intended to defraud Conrad Cramer or any of his other creditors The question was excluded, and the Court of Appeals held the ruling to be erroneous, but, as I understand the case, upon the ground that fraud against creditors always consisted in the corrupt intent of the parties to the transaction, and upon the further ground that the question of fraudulent intent was declared by the statute to be a question of fact, and not of law. There is no analogy between that case and the case in hand, and I think it may be said with propriety that the privilege accorded the assignor in that case was an innovation upon the rules of evidence. There is no other reported case to be found in this State where the parties to an alleged fraudulent combination have been permitted to state the intent with which they did the act complained of, and the decision in that case should be confined to the class of cases in which it originated, until the court of last resort shall otherwise adjudge. I think the questions were, therefore, properly excluded. I assume, for the purpose of disposing of the exceptions taken upon such exclu-

sion that the questions were not subject to the criticism of being objectionable, as calling for more than an expression of intent, although such is not the case, and I do so because the objections made did not embrace such a criticism.

There can be no doubt of the right of the plaintiffs to recover against the defendant F. S. Lockwood alone, although section 136 of the Code does not apply to actions in the Marine Court. This action is, in form and nature, what was known as *ex delicto*, in which one defendant might be acquitted and a verdict taken against the others (1 Chitty's Pl. [6 Am. ed.] 99, and cases cited.)

The judgment should be affirmed.