Buckingham *v.* Payne.

[NEW YORK GENERAL TERM, November 4, 1861. *Clerke, Sutherland* and *Allen,* Justices.]

————• ◦ •————

BUCKINGHAM and others, survivors, &c. *vs.* PAYNE.

Where creditors receive from their debtor the note of a third person, for collection, the proceeds to be applied upon the debt of such debtor, they will be deemed to have assumed the obligation of an attorney or agent for the collection of the demand.

They are bound to use ordinary diligence, in the collection of the note, and are responsible for ordinary neglect. Negligence, in such a case, is a question of fact.

They cannot be held liable for the amount of the note, except upon a distinct finding by the referee, as a matter of fact, that the loss of the sum due upon the note was owing to, or consequent upon, their negligence.

In reviewing a judgment rendered by a referee the court acts simply as an appellate tribunal, and must reverse a judgment not warranted by appropriate findings on the questions of fact, if the proper exception is taken.

The facts found by the referee must sustain his findings upon the law, and the law of the case must be predicated upon such findings of fact.

THIS was an appeal from a judgment entered upon the report of a referee. The action was brought by the plaintiffs, as survivors of Philo Buckingham, who, with them,

composed the firm of P. Buckingham & Co., at Toledo, Ohio. The object of the suit was to collect a balance due to the firm, from the defendant, for advances made on produce shipped to them by him, to be sold. The defendant, in his answer, denied all indebtedness, alleged payment, and for a third defense, stated that on or about the 10th day of January, 1854, the firm of P. Buckingham & Co. made and entered into an agreement with the defendant, by which they, said P. Buckingham & Co., were to take of the defendant two notes of John Davenport, amounting to the sum of $1042.81, and one note of Jonathan G. Waite, amounting to the sum of $1036.91, and credit the same on the account of said P. Buckingham & Co. against the defendant; that on the 22d January, 1854, the defendant forwarded and delivered said notes to P. Buckingham & Co., which notes were received by them on or before the 9th day of February, 1854, and which it was the duty of said P. Buckingham & Co. to apply upon said account according to said agreement; that they have never returned said notes to the defendant, or either of them; *that said notes were all good and collectable, and that the defendant would prove this agreement and the delivery* of said notes in pursuance thereof, by way of counter-claim to the demand of the plaintiffs as such survivors. The defendant, for a fourth defense, alleged that on or about the 10th January, 1854, the said P. Buckingham & Co. made and entered into an agreement with him, by which they were to receive from the defendant a note made by Jonathan G. Waite, upon which there was due on the 22d January, 1854, the sum of $1036.91, and two notes made by one John Davenport, on which there was due and unpaid on the day last aforesaid, $1042.81, and were to collect said notes forthwith, and apply the proceeds upon this said demand against the defendant; that on or about the 22d January, 1854, the defendant forwarded said notes to said P. Buckingham & Co., which were received by them *in pursuance of the agreement aforesaid* on or before the 9th February, 1854; that said

notes and each and every one of them were good and collectable when received by the said P. Buckingham & Co; *that they neglected and refused to take steps to collect the same, and entered into an agreement with said Waite to extend. the time of payment of his said note, as the defendant had learned and believed,* which was done without the knowledge or consent of the defendant; that they still held or had the control of said notes or the proceeds thereof, and had never returned or offered to return the same or either of them to the defendant, whereby the defendant had wholly lost said notes; that by reason of the neglect and refusal of the said P. Buckingham & Co. to comply with the said agreement on their part by collecting said notes, and each and every of them, as they were bound to do, the defendant had sustained damages to a large amount, that is to say, to at least the amount of $1036.91, with interest from the 22d January, 1854; which damages the defendant would prove and set up on the trial by way of counter-claim to the demand of the plaintiffs as such survivors, and would demand judgment therefor in his favor.

The referee reported as follows: That before the month of November, 1853, the defendant was indebted to the plaintiffs to that extent that if no payment had been made thereon, the amount of the balance of said indebtedness would, on the 26th day of September, 1855, have been $971.87; that in December, 1853, the plaintiffs, by their agent, called upon the defendant for payment of his indebtedness, and it was then agreed that the defendant should place three notes in the plaintiffs' hands to be collected, and the avails placed to his credit in account, and that for the balance of that indebtedness, over and above the amount supposed to be due on the notes, he was to make payment in cash at the rate of $100 per month; that on or about the 22d day of January, 1854, the defendant, who resided at Farmington, Ontario county, N. Y., inclosed by mail to the plaintiffs, who did business at Toledo, Ohio, three notes, two made by one Davenport, which

were afterwards paid and applied on account, and one against Jonathan G. Waite for $1982, dated 18th May, 1853, at ninety days, to the order of Benjamin Fairchild, at the American Exchange Bank, New York, with interest, indorsed by said Fairchild, but not protested for non-payment, and indorsed after maturity by the defendant. Several payments had been made on this note, all of which had been paid before it was placed in the hands of the plaintiffs. Waite also held an offset against the note at that time of $272.04; the note had also been garnisheed under the laws of the state of Michigan, (Waite residing at Sturges in that state,) for the sum of $300, the suit on which was pending August 27, 1853; the plaintiffs acknowledged the receipt of the notes by letter dated 9th February, 1854, and informed the defendant that Waite said he would pay on the 15th May, 1854, to which the defendant made no reply. The plaintiffs called on Waite for payment, which was not made, and the plaintiffs placed the note in the hands of an attorney at law in the early part of 1854, with directions to use his best judgment in obtaining the money by suit or otherwise; through this attorney they received from Waite on the note, by a judgment against one Bacon, $297, September 9th, 1855, (of which they credit the defendant, 17th August, 1855, $100, and 27th September, 1855, $100,) which is all that has been paid by the said Waite on the note. In September, 1855, (September 25th, 1855,) judgment was confessed by Waite on the note in favor of Benjamin H. Buckingham, one of the plaintiffs in this action, for $1066.52, upon which nothing has ever been collected, no action was ever commenced by the plaintiffs against Waite on the note, nor any attempt made to collect the same by process of law before the 12th September, 1855; before October, 1854, a demand as large as this note could have been collected of him by judgment and execution. The referee further found, that there was unpaid on the indebtedness of the defendant to the plaintiffs, at the date of his report, the sum of $971.87, and interest thereon from

Buckingham *v.* Payne.

26th September, 1855. And that there was due and unpaid on the note of the said Waite the sum of $1035.29, and interest from 26th September, 1855. And he found, as conclusions of law, that the transfer of the note of Waite was not a payment by the defendant to the plaintiffs; that the plaintiffs undertook the collection of the note by means of legal process if need be, and to apply the avails of it when collected; that they were not liable for any failure in this undertaking until after 15th May, 1854; that they were liable for a neglect to collect after that day; that they did so neglect, and that the defendant sustained damage thereby to the sum of the uncollected balance thereof, to wit, $1035.29, on the 26th September, 1855. And he adjudged that the defendant have judgment against the plaintiffs for the sum of $63.42 and interest thereon from 26th September, 1855, and his costs.

*Wm. H. Greene,* for the appellant.

*James C. Smith,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. In receiving the note of Waite for collection, the proceeds to be applied upon the defendant's debt, the plaintiffs must be deemed, under the facts found by the referee in this case, to have assumed at least the obligation, whether resting in duty or upon contract implied by law, of an attorney or agent for the collection of the demand. They were bound to use ordinary diligence in the collection of the note, and are responsible for ordinary neglect. Such was the rule as laid down in the case of *Hoard* v. *Garner*, (6 *Selden*, 261,) where the defendant had covenanted to take proper means to collect the amount due and secured to be paid by the mortgage assigned. On the trial of that case, the judge charged the jury that the defendant " was bound to use reasonable diligence in the institution and prosecution of the proceedings necessary to col-

lect the amount due and secured to be paid by the mortgage," and was liable for unreasonable delay in the commencement of such suit while the negligence was his own or that of his attorney.   This ruling was affirmed by the superior court of New York, and by the court of appeals.   Such was the rule laid down in the case of *Ex parte Mure*, (2 *Cox*, 76,) which was a case where the creditor received for collection, by assignment from his debtor as collateral security, a bond and warrant of attorney held by his debtor against another person.   The lord chancellor held that the creditor was liable for negligence, and that the rule would be the same as though the creditor had been employed by the debtor as an attorney to collect the debt.   The same rule in a like case of the assignment of a debt by the debtor to his creditor as collateral security is also asserted in the case of *Williams* v. *Price*, (1 *Sim. & Stu.* 581.)   The plaintiff, upon the rule of these cases, (and in all like cases of agency as between principal and agent,) is only liable for the loss of the Waite note on the ground of negligence.   Negligence in such cases must be a question of *fact*.   If there be a dispute about the facts, this must necessarily be so.   (*Foot* v. *Wiswall*, 14 *John.* 307.   20 *Pick.* 167.)   The plaintiffs in this suit cannot, in my view of the rule of liability applicable to such case, be made or held liable for the loss of the Waite note, except upon a distinct finding as matter of fact that the loss of said note was owing to their negligence, or was consequent upon such negligence.   In the report of the referee the evidence of facts is stated, or certain facts found upon which the inference of negligence might be based; but the question of negligence, which was the chief question of fact upon which the whole counter-claim depended, is not found.   The judgment in favor of the defendant, upon the issue presented by the counter-claim, is not based upon any finding of fact upon which it can be sustained.   The court cannot draw the inference of fact from the fact stated, which may be warranted by the evidence.   The referee, in such a case, must find the issue in

Buckingham *v.* Payne.

one way or the other. In reviewing the judgment rendered by a referee, the court acts simply as an appellate court, and must reverse a judgment not warranted by appropriate findings on the questions of fact, if the proper exception is taken. The referee, it is true, finds as a conclusion of law that the plaintiffs undertook the collection of the note in question by legal process, and that they were liable for neglect to collect the same after the 15th of May, 1854. In this decision or finding the referee held and intended, I think, to decide as matter of *law,* that the plaintiffs were bound to use *legal diligence* in the collection of said note ; and this, I think, was the cardinal error of the referee in the trial and decision of the cause. He applied to the case the rule applicable to guaranties and strict contracts for the employment and exercise of *legal diligence.* (1 *Wend.* 460.) It is only when such diligence, in express terms or by necessary legal inference, is required by the contract that it is obligatory. (*Morris* v. *Wadsworth,* 11 *Wend.* 104 ; *S. C.,* 17 *id.* 112.) In the trial of a cause before a referee, the referee exercises the functions both of a court and of a jury. So far as regards the questions of fact arising on such trial, he must find them in due form, and show the conclusions from the evidence to the same effect as if the issue were submitted to a jury. His findings in his report must be as explicit and distinct upon the facts as a special verdict of the jury, and his finding of facts is conclusive, upon the same principles. In the conclusions of law which the referee finds, they are necessarily stated in his report as based upon his findings upon the facts ; but I apprehend they are to be in effect as distinct, and are to be considered and reviewed as distinctly, as would be the decision of a circuit judge in his charge to the jury in submitting the questions of fact for their decision. If the findings of law are unwarranted by the facts found, it is equally erroneous and exceptionable as would be the same errors of a judge in his charge to a jury. The facts found by the referee must sustain his findings upon the law, and the law of the case

must be predicated upon such findings of fact.   In this case, the conclusion of law of the referee as stated in his report we think not warranted by the facts found.   To sustain a report and judgment allowing the defendants' counter-claim, the referee should have found, in substance, and to the effect that the plaintiffs were guilty of negligence in omitting to institute and prosecute with reasonable diligence a suit for the recovery of judgment upon the Waite note, and that by reason of such negligence the defendant had sustained damages to the amount remaining unpaid upon such note.

For the omission to make such findings in the decision of the case by the referee, the judgment is not sustainable and should be reversed, and a new trial granted with costs to abide the event.

[MONROE GENERAL TERM, December 2, 1861.   *Smith, Welles* and *Johnson,* Justices.]