Br the Court—Jokes J.
In the case of Pratt v. Coman, decided by the court of appeals (consisting of Ward Hunt, Ch. J., Martin Grover, Lewis B. Woodruff, Thomas W. Clerke, Theodore Miller, William J. Bacon, Henry Wells, and Charles Mason, Judges), the action was brought on a nóte made by defendant Coman, dated June 4, 1859, for three thousand dollars, payable six months after date, to the order of Mr. Agnew, and by him indorsed to the plaintiff. The defense was that Agnew by false representations induced Coman to buy certain stocks, in payment whereof he gave the note in suit.
The case was tried before a referee, who found that the note was procured by fraud, and that Agnew indorsed the note to plaintiff before maturity; that Agnew being indebted to the plaintiff in a large sum of money, for which the plaintiff held Agnew’s overdue notes, the plaintiff gave up to Agnew such overdue notes, and received therefor the note in suit and new notes made by Agnew for the balance, and that the plaintiff took the note in suit without notice of any defense; he also found that the said notes so due from Agnew to the plaintiff were surrendered by the plaintiff to Agnew, and this note of defendants, with Agnew’s indorsement, was delivered by Agnew to plaintiff on account of so much and as part of said indebtedness, and the note or notes of Agnew given for the balance; that no agreement was made at the time that the note in suit should be a payment of so much or any part of said indebtedness, nor was anything said on the subject, the transaction being simply a surrender of the old notes and the indorsement over of this and the giving of the other notes. On these facts the referee held that the plaintiff was not a dona fide holder for value, and gave judgment for defendants, which was affirmed by the general term. The court of appeals reversed the judgment, holding that the plaintiff was a *74 bona fide holder for value. The learned judge who delivered the opinion of the court, placed the decision on two' grounds.
1. That the giving up toAgnew of his note and taking the note in suit for it was evidence of the intention of the parties to cancel the note; and whether it operated to discharge the pre-existing debt or not was immaterial, as it certainly operated to cancel the negotiable paper of the plaintiff, which was parting with value sufficient to constitute the plaintiff a bona fide holder.
2. That if a creditor, having a debt due him, receives from his debtor on account thereof the time note of a third person, payable to and indorsed by the debtor, without any express agreement that such note should be taken either in payment and satisfaction or as collateral, he parts with value, because he relinquishes his right to enforce the payment of his debt presently, and suspends his power to collect it until the note so received should mature.
The point involved in the first ground is that the . cancellation of prior overdue negotiable paper of the debtor, extinguishing a right of action thereon, is a parting with value.
•That involved in the second is that a suspension of the right of action on the original indebtedness, caused by the receipt of a time note of a third party, indorsed by its debtor, is also a parting with value.
Each of these points was fatal to the defense, and the decision (under the doctrine of James v. Patten, 6 N. Y. 9) must be taken as an authoritative adjudication on both. •
It will be observed that the learned judge, in course of his reasoning on the second ground, uses this phrase, “And the plaintiff, at the time of surrendering the old note, having the right to enforce its payment presently;” but, by this incidental allusion, he did not *75 make, or intend to make, such surrender an element in Ms decision of the second ground, for it is obvious that the right of action was as fully suspended without the surrender as with it j moreover, the learned judge had previously held the surrender to work an extinguishment, and in this part of the argument, relative to the suspension and its effects, he cites with approval the case of Burns v. Rowland, 40 Barb. 368, cited from p. 374, where no element of surrender existed, and yet the suspension was held to be a parting with value.
The facts of this case bring it within the second point adjudicated by the court of appeals. The plaintiffs were consequently bona fide holders for value, and thus the defense is excluded.
The questions which were allowed under defendant’s exceptions were properly allowed. If they are to be regarded as calling for the operation of the mind, still, as to some extent the question is as to the intent in parting with the goods, they can be sustained by the principle of the case of Seymour v. Wilson, 14 N. Y. 567.
But I think they rather call for a fact, and are admissible under the doctrine of Sweet v. Tuttle, 4 Kern. 465, which case held that the question, “On the part and behalf and for whom were the services performed f ’ was proper.
As to their leading character, it is in the discretion of the trial judge either to allow or exclude leading questions.
In this aspect of the case, the matters suggested in the statement, as not having been passed on by the referee, are immaterial.
Judgment affirmed, with costs.