STEARNS *et al.* v. INGRAHAM *et al.,* appellants.

*Evidence — adulterated milk — tests.*

In an action for the penalties provided by chapter 518, Laws of 1864, as
amended by chapter 563, Laws of 1869, for watering and skimming milk
supplied to a cheese factory, *held,* that evidence of tests of defendant's
milk, made a year after the violation of the statute was claimed to have
occurred, was inadmissible against defendant.

APPEAL from a judgment entered upon the report of a referee.
The facts appear in the opinion.

*Morgan & Rafter,* for appellants.

*S. D. White,* for respondents.

DANFORTH, J.  This action was brought against the defendant,
Henry Ingraham, to recover twenty penalties for watering and
skimming milk, in September and October, 1869.  See chapter 518
of Laws of 1864, as amended by chapter 563 of Laws of 1869.  The
plaintiffs are a portion of the patrons of the factory.  The other
patrons were the real defendant, Henry Ingraham, and some four
others, who were made defendants nominally because they would not
consent to join as plaintiffs.  Henry Ingraham only defended.  The
case was referred.

The referee found the defendant guilty of fourteen violations,
and fixed the penalty at $50 each, making a total of $700, for which
he ordered judgment with costs.

This appeal comes before this court upon a bill of exceptions.
The exceptions in relation to the findings of fact are waived.

The only questions therefore are as to the correctness of the rulings
of the referee upon the trial, and the further point raised by the
appellant that in any event the plaintiffs could recover for only one
penalty.  Of course it will not be necessary to examine the last
proposition if either of the others are found with appellant.

This action was commenced October 25, 1869, and the trial con-
tinued before the referee from time to time, commencing in April,

1870, and concluding the 27th day of October, of the same year. The plaintiffs were permitted by the referee to prove a test or trial and the result of same of defendant's, Henry Ingraham's, milk, in the summer of 1870, a long time after the commencement of the action and during the time of the trial. The defendant objected to this evidence, among other grounds for the reason that there was no evidence tending to show defendant, Henry Ingraham, a patron of the factory at that time, and also that the evidence was incompetent and immaterial.

The experiment was of a different nature, and with milk of different cows from those of the prior season. The circumstances of the test or trial were all different; proof is too remote and founded on entirely different circumstances. Trials with defendant's milk almost a year after the commencement of the action, after the issues are made up and are being tried, could not be material. It is well settled "no proof can be given of facts not put in the issue by the pleadings." *N. Y. Central Ins. Co.* v. *Nat. Protection Ins. Co.*, 20 Barb. 468. The testimony received by the referee on this point was not confined to the issue. Henry Ingraham was prosecuted by plaintiffs in a penal action and for violations of law within the time fixed by the complaint, and not for violations of law about one year thereafter.

This evidence, in my opinion, should have been excluded. The same rule is applicable to the evidence received under objection and exception, by the referee, from the witness, Edwin Whitford, who was permitted to testify to an experiment made after the issue was joined and during the trial, with the milk of the cows of one of the plaintiffs. I am unable to say what influence this evidence and other evidence admitted of like character had upon the mind of the referee in arriving at the conclusions to which he came. The defendant may have been unfavorably affected by this evidence. Among other charges in the complaint upon which plaintiffs sought to and did recover, were charges for skimming milk, and some evidence was given tending to show that one Coman, the agent of the patrons, had given permission that for a certain limited time that might be done.

The defendant, Henry Ingraham, was asked by his counsel, while giving his evidence, "In the skimming of your milk from the time Coman directed you to about the 3d of October, and from that time until you left the factory, did you suppose you were violating the

statutes by skimming?" This was objected to by plaintiffs' counsel as incompetent and immaterial. Objection was sustained, and defendant excepted.

This was error, for it was competent to show the intent of the defendant.

I regard it well and properly settled that the intention of a party charged with a fraud may be given in evidence. *Pope* v. *Hart*, 35 Barb. 630; *Mathews* v. *Poultney*, 33 id. 127; *Seymour* v. *Wilson*, 14 N. Y. 567.

Without discussing the question as to how far Coman, as agent, had the right to give a license to the patrons to skim their milk, this action was one authorized under a special law and fixing severe penalties for a violation, and the referee has found the defendant guilty of violating the law three times in skimming his milk, but refused to take his evidence on his intent in the transactions.

The judgment in this action affects the defendant beyond the amount of money which is involved therein.

His character, which is of greater importance, is to suffer, and he should have been allowed to answer the question of his intent.

Improper and immaterial evidence having been admitted, and proper evidence excluded, the judgment should be set aside and a new trial granted, costs to abide the result.

DANIELS, J. I concur in the conclusion that the judgment in this cause should be reversed and a new trial ordered, on the ground that incompetent evidence was received by the referee. His ruling cannot be maintained as correct, because the evidence tended to establish the accuracy of the instrument made use of as a means of making correct tests of the quality and character of the milk which he supplied. For while it tended to establish that fact, it also at the same time tended to prove that the defendant had, after the suit was commenced, committed acts similar to those forming the substance of the issue. And from the proof of those acts the referee could derive some support for his conclusion that the defendant had probably done the same things before. In that way the defendant was, or could have been, prejudiced by this evidence, and it should not for that reason have been received. The referee may not have made that use of it, but as it was in his power to do so as long as it was before him, and as there is nothing in the case showing he did

not make such use of it, there is no ground for concluding that the defendant was not prejudiced by it.

MILLER, P. J., concurs in the result.