JOSEPH F. BLAUT, Appellant, *v.* ERNST GABLER et al., Respondents.

*It seems,* that where a sale of goods and chattels is not accompanied by immediate delivery, or followed by an actual and continued change of possession, the presumption of fraud raised by the statute (2 R. S., 136, § 5) in such case makes that question one of fact for the jury, although the evidence as to good faith and absence of intent to defraud is uncontradicted.

In an action to recover possession of certain personal property, which plaintiff claimed under a sale from S., it appeared that at the time of the alleged sale S. was insolvent, owing debts to the amount of about $16,000, and aside from the property in question, having assets only of the value of $800. Plaintiff gave for the property, which was worth $1,800, a note made by K., who was hopelessly insolvent, having judgments against him to a large amount, which note S. received without plaintiff's indorsement. The property remained in the possession of S. several days, when it was removed to a room, the rent of which plaintiff testified that he paid, while the lessor testified it was paid by S. ; the latter then made an assignment to defendant R. Plaintiff, S. & K. were intimate. Plaintiff's testimony was contradicted in several other particulars. *Held,* that the evidence was sufficient to warrant a finding that the alleged sale was fraudulent.

S., as a witness for plaintiff, was asked whether the sale was made for an improper purpose ; also whether anything transpired between him and plaintiff, by which he gave plaintiff to understand, or by which it was understood, that the transaction was for an improper purpose or to defraud creditors. These questions were excluded under objection. *Held,* no error.

(Argued May 21, 1879 ; decided June 3, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of defendants, entered upon a verdict.

This was an action of replevin to recover possession of nine pianos.

It was brought originally against defendant Gabler, who answered that he held the pianos as bailee of defendant Rodman. The latter, who claimed as assignee for the benefit of creditors of one Strauss was, upon application, made a party

defendant. Plaintiff claimed title by virtue of an alleged sale to him by Strauss. It appeared that Strauss transferred the title to the property to plaintiff about July 1, 1876. The value of the property was about $1,800 ; plaintiff gave therefor a promissory note of one Kuhn for $2,000, which Strauss received without plaintiff's indorsement. Plaintiff testified that he took the note of Kuhn to get it discounted ; that Kuhn was doing a large business, and his note could be discounted at bank. Defendants' evidence, however, was to the effect that Kuhn was utterly insolvent, having at the time judgments against him of long standing to the amount of over $30,000. The pianos remained in the possession of Strauss until about July tenth, when they were removed to a room over a saloon. Plaintiff testified that he paid the rent of the room ; the landlord, however, testified that it was paid by Strauss. The testimony of plaintiff was contradicted in various other particulars. It appeared that intimate relations existed between plaintiff, Strauss and Kuhn.

Further facts appear in the opinion.

*Otto Horwitz*, for appellant. Whether evidence tends to establish fraud or not is always a question of law for the court. (*Erwin* v. *Voorhees*, 26 Barb., 127.) If fraud is found as a conclusion of fact where there is no evidence tending to such conclusion, it is the duty of the court to set the finding aside. (*Gage* v. *Parker*, 25 Barb., 141; *Marston* v. *Valtee*, 12 Abb. Pr., 143; *Griffin* v. *Cranston*, 1 Bosw., 317; *Stevens* v. *Fisher*, 19 Wend., 179.) It was competent to ask the assignor whether, in making the assignment, he intended to delay or defraud his creditors. (*Seymour* v. *Wilson*, 14 N. Y., 567, 569 ; *Cunningham* v. *Fribourn*, 11 Wend., 241, 254.)

*Thomas H. Rodman, Jr.*, and *C. D. Adams*, for respondents. The case was one for the jury. (*Tilson* v. *Terwilliger*, 70 N. Y., 273.) Defendants had a right to show Strauss' pecuniary condition. (Bump on Fraud. Con. [2d ed.], 36 ;

*Hatcher* v. *Rocheleau*, 18 N. Y., 92; *Coulter* v. *Am. Ex. Co.*, 56 id., 589; *Willetts* v. *Sun Ins. Co.*, 45 id., 49.)

MILLER, J. This action was brought to recover the possession of certain personal property, which it was claimed by the plaintiff had been purchased by him, for a valuable consideration, of one Strauss, and which was taken from the plaintiff's possession by the defendant, as assignee of said Strauss, for the benefit of Strauss' creditors. The defense interposed to the plaintiff's action was, that the alleged sale was a scheme devised between Strauss and the plaintiff, for the purpose of defrauding the creditors of Strauss; and the question was presented upon the trial whether the sale of the property by Strauss to the plaintiff was made with the intent to hinder, delay and defraud creditors, in violation of 2 Revised Statutes, 177, section 4.

The plaintiff claims that the testimony is uncontradicted, and that the motion made upon the trial for judgment on the case as made, should have been granted and a verdict directed in his favor. This position, we think, cannot be sustained; for it is obviously apparent that the case presented a question of fact, which it was the duty of the judge to submit to the consideration of the jury for their determination. In the first place, the property remained in the possession of Strauss for several days after the alleged sale, and the transfer claimed was not accompanied by an immediate delivery, nor followed by a continued change of possession, as the statute requires, and the absence of which is declared to be conclusive evidence of fraud, unless shown to be made in good faith: (2 R. S. [Edm. ed.], 141, § 5.) Whether such proof was adduced was clearly for the jury to determine. But without regard to this aspect of the case, there was proof tending to show quite strongly that the whole transaction was a fraud. Not a single dollar was paid or received for the property sold, which was of the value of $1,800. A note of a third party, who was totally insolvent, and against whom judgments unsatisfied existed to the

amount of over $30,000 — which note was uncollectible — was taken by Strauss for the amount, without even the plaintiff's indorsement. Strauss at the time owed $16,000, and possessed only this property and $800 besides. The plaintiff is contradicted in his evidence upon several material points, and the intimate relations between him and Strauss, and their conduct in this transaction, were of a character that indicated a design on the part of both to dispose of the property of Strauss, with the intent and for the purpose of defrauding his creditors.

The leading facts and circumstances which bear upon the question of fraud, are fully considered in the opinion of the General Term, delivered by DALY, Ch. J., and further elaboration is not required. It is enough to say, that as the case stood, there was abundant testimony to warrant the conclusion of the jury, that the transaction was fraudulent; and they having found in favor of the defendant, their verdict cannot be disturbed.

The request to the judge to charge the jury that there was no testimony in the case to show that the plaintiff knew that Strauss was insolvent and in embarrassed circumstances; that there was no testimony to show that the plaintiff or Strauss knew that the note was of no value, was properly refused. The request embraced two propositions; and as there was some evidence to show knowledge by the plaintiff of Kuhn's pecuniary condition, the charge requested was not authorized. It also appears that intimate relations existed between the plaintiff and Kuhn and Strauss; and the circumstances all tend to establish that the plaintiff must have been acquainted with the fact that Strauss was embarrassed, as well as with the worthlessness of Kuhn's note. It is preposterous to suppose that the plaintiff purchased these pianos upon a note of a man against whom large judgments were outstanding, and who had no place of business, without any knowledge whatever of the fact; or that Strauss would have made a *bona fide* sale of his property for paper which was utterly worthless.

The question put to the witness Strauss, as to whether the transfer was made for an improper purpose, was manifestly improper and properly excluded.     There is no rule which authorizes a witness to express his opinion as to whether the purpose of a transaction was improper, in the form in which the question was put.

The next question put: "Had anything transpired between Blaut and yourself — conversation or otherwise — whereby you gave him to understand, or whereby it was understood, that the transaction was for an improper purpose or the purpose of defrauding your creditors," was also properly excluded.     It did not call directly for a statement of the witness as to his intent to defraud, but went far beyond this, and asked for conclusions from what had transpired or from conversations by which he gave the plaintiff to understand, and it was understood, that the transaction was for an improper purpose, or for the purpose of defrauding creditors. The question was indefinite and complicated, and did not come within the rule which sanctions an inquiry as to the intent of a party.

It is claimed that no exception was taken to the question; but it is not important whether this was the fact, as the question was clearly improper.

The remarks made cover all the points suggested in the brief of the appellant which demand any comment.     It is entirely manifest that the case was properly disposed of by the trial court, and that no error was made in any of the rulings.

The judgment was right, and should be affirmed.

All concur.

Judgment affirmed.