Haight, J.
This action was for conversion. ' It was brought by the plaintiff as assignee for the benefit of creditors of Leroy B. Howd, against the de-fendant, who was the under-sheriff of Wayne county, for levying upon and selling a lot of merchandise. The defendant justified upon two executions-issued upon judgments against Charles 0. Potter" and Leroy B. Howd, who-formerly composed the firm of Potter & Howd. On the 19th day of March, 1885, Potter sold his interest in the firm to Howd for the sum of $1,358.78;. Howd assuming and agreeing to pay the partnership debts, which then, amounted to between $1,500 and $1,800. On the 20th of July thereafter,. Howd made a general assignment, with preferences, to the plaintiff, Durfee.. Subsequently judgments were obtained, upon which the executions were is-sued on which ,the defendant made his levy upon the property in question,which was formerly owned by the firm. The appellant claimed that at the-dissolution of the copartnership, and the transfer to Howd by Potter, that the-firm was insolvent, and unable to pay the debts in the usual course of business; that Howd was insolvent at that time to the knowledge of botli Potter and Howd; and that the transfer to Howd, and the subsequent assignment by Howd, was fraudulent and void, as against the creditors of the firm.
The referee has found that, at the time of the executing of the bill of sale by Potter to Howd, the firm of Potter & Howd was largely indebted, but had sufficient property or assets to pay its indebtedness; that it had not been able to pay, and did not pay, its debts as they became due, in the ordinary course of business, but it had not been sued, or any steps taken to enforce collection; that Howd was insolvent, and unable to pay his debts, but such insolvency was unknown to both Howd and Potter; that the transfer of the firm property by Potter to Howd was made in good faith on the part oE both, without intent on the part of either to subject the property of the firm to the payment, of the individual debts of Howd; and that the transfer by Potter to Howd, or the assignment by Howd to the plaintiff, was not fraudulent as to the creditors, of the firm.
The first question which it becomes necessary to determine is whether the', evidence sustains these findings. As we have already stated, the firm’s indebt-edness at the time of the transfer by Potter to Howd was between $1,500 and $1,800. The value of the stock of goods transferred at that time was worth $3,000 if sold out at retail, and $2,600 if sold out at wholesale; so that it. would appear that at that time the assets were more than sufficient to pay the-.indebtedness. Howd had borrowed of one Smith $500, which he put into, the firm as part of his capital stock. On purchasing Potter’s interest, he-borrowed of Smith the further sum of $1,000, $500 of which he paid Potter upon the purchase, andthe balance he paid upon the outstanding indebtedness, of the firm. It does not appear that Ilowd had other property, and if, at the-time of the purchase by him of Potter’s interest, the indebtedness assumed by-him was $1,800, and the value of the stock but $2,600, then in making the-purchase he became insolvent, for in paying, or agreeing to pay, Potter-Si,358.78, he paid more than his interest in the firm was worth. If, however,, the goods were then worth, as Howd estimated them, $3,154.21, and there- *507 were outstanding accounts owing the firm amounting to $300, and the indebtedness was but $1,500, then-the amount paid Potter would be within the-value of his interest in the firm, it being two-thirds, and Howd, in making the purchase, would not have become insolvent. The referee, as we have seen, has-found that Howd was insolvent from the time of the purchase, but that such insolvency was unknown to him at that time; and, upon the view which we take of the evidence, we must support these findings, for, under the estimates-which we have given, he might well have supposed himself solvent and able to carry on the business and pay the debts. The chief inquiry, as bearing" upon the question of fraud, is whether or not the transaction was bona fide, made in good faith, without intent to delay or defraud the creditors. As bearing upon the question of good faith, we must take into consideration all the-facts and circumstances surrounding the transaction, the amount paid, together with the belief and intent of the parties at the time. Nugent v. Jacobs, 103 N. Y. 125, 8 N. E. Rep. 367. U'pon these questions the referee has found-in favor of the plaintiff upon evidence which supports him, and, on review, we are unwilling to say that these findings are against the weight of evidence.-
Again, Smith was the chief creditor, and was preferred in the assignment to the plaintiff. His claim was for money loaned to Howd, which was used by him in the manner before stated. We do not regard the assignment fraud-ulent by reason of this preference, for by the transfer by Potter to Howd of the partnership property, Howd acquired the same dominion over it as lie had over his own separate property; and, if the assignment made by him was in good faith, the title of the copartnership property vested in the assignee as-fully as did the private property of the assignor, and was free from any lien or equity in favor of partnership creditors. Dimon v. Hazard, 32 N. Y. 65.
It is claimed on behalf of the appellant that the facts found by the referee-do not sustain his conclusions of law, for the reason that there is no finding that the plaintiff sustained damages. The referee has found that “the property was taken by the defendant; that it was the property of the plaintiff, as-the assignee of Howd; its value,” etc. We do not understand that it was-necessary to have a separate and distinct finding that the plaintiff suffered damage by reason of such taking, for that conclusion must necessarily follow •from the facts found. If the action was to recover the amount of a promis-sory note, and the facts found showed the making, delivery, and non-payment-of the note, together with the amount thereof, the conclusion of necessity follows, in the absence of a defense or counter-claim, that the plaintiff is entitled to recover such amount, and no finding that damages were sustained is neces-sary. The case of Buckingham v. Payne, 36 Barb. 81, is not in point. That was a case where a creditor had received from his debtor the note of a third person for collection, the proceeds to be applied upon the debt. It was held that the creditor, in so receiving the note, assumed the obligation of an attor-ney or agent for the collection of the demand, and that the creditor was bound to use ordinary diligence in making the collection, and was responsible for" negligence. So that the main question to be determined in that case was-whether or not the creditor had been negligent, and there being no finding upon that question, the judgment was reversed. The distinction between the two cases sufficiently appears without further comment.
Upon the trial Potter and Howd were permitted to testify to their good-faith and intention, and their belief as to the solvency of Howd. It is eon-tended that this evidence was incompetent. But, as we have already stated, the good faith and intention of these parties was one of the questions neces-saryto be determined; and, under the law admitting parties to testify in their own behalf, it is well settled that, where the character of the transaction de-pends upon the intent of the party, he may testify as to what his intent was.Seymour v. Wilson, 14 N. Y. 567; Thurston v. Cornell, 38 N. Y. 281; Blaut v. Gabler, 8 Daly, 48-52, affirmed, 77 N. Y. 461; Starin v. Kelly, 15 Jones & *508 S. 288; Pritchard v. Hirt, 39 Hun, 378. Other exceptions were taken, but we do not here deem, it necessary to discuss them. We are of the opinion ■that the judgment should be affirmed, with costs. So ordered. All concur.