F. M. HILDEBRAND et al., Plaintiffs in Error,

v.

A. O. HARRISON, Defendant in Error.

No. 36667.

Supreme Court of Oklahoma.

Oct. 4, 1955.

Lee Williams, Oklahoma City, for plaintiffs in error.

McCoy & Craig, Robert P. Kelly, Pawhuska, for defendant in error.

## WILLIAMS, Vice Chief Justice.

This action was brought by A. O. Harrison, hereinafter referred to as plaintiff, against Lot Ravenscraft, F. M. Hildebrand, and their respective wives, hereinafter referred to as defendants, to quiet title to 1,010 acres of land located in Osage County, Oklahoma, and to cancel a deed from Ravenscraft to Hildebrand covering said land.

Plaintiff's title to the land in question is based on a sheriff's deed issued to him as a result of an execution sale following a judgment rendered in the district court of Washington County, in favor of one Roxie R. Huston and against defendant Lot Ravenscraft. Plaintiff seeks to cancel the deed from Ravenscraft to Hildebrand on the grounds that such deed is fraudulent and void because without a fair and valuable consideration, made in bad faith and for the purpose of hindering, delaying and defrauding creditors.

On May 2, 1950, Roxie R. Huston recovered judgment for the sum of $1,932 against Lot Ravenscraft in the district court of Washington County, Oklahoma. At that time the record title to the land here involved was in Lot Ravenscraft. On May 3, 1950, the deed from Ravenscraft to Hildebrand was recorded in Osage County, and on May 4, 1950 a transcript of the judgment in favor of Roxie R. Huston was recorded in Osage County. On May 20, 1950 an execution was issued in Washington County against defendant Ravenscraft, but returned marked "no property found". On June 2, 1950, an execution was issued to the sheriff of Osage County as a result of which such sheriff did levy on the land here involved as the property of defendant Ravenscraft. On July 17, 1950, said sheriff sold said land at public auction, at which time plaintiff was the highest bidder and purchased the property. On July 26, 1950, the sale was confirmed by the District Court of Washington County, and on the same day this action was commenced.

The trial court rendered judgment for plaintiff, quieting his title to the land involved and cancelling the deed from Ravenscraft to Hildebrand, and defendants appeal.

As their first assignment of error, defendants contend that the court erred in excluding certain evidence offered by them. Although defendants had pleaded in their answer that 160 acres of the land involved was the homestead of Lot and Mary Ravenscraft, the trial court refused to admit any evidence as to the homestead character of the land. The trial court was of the opinion that the order of the court confirming the sheriff's sale foreclosed the issue or question of whether the land was or was not a homestead or whether it was subject to levy and sale on execution, and therefore

sustained objection to any evidence concerning the homestead character of the property. In this, however, the court erred. The confirmation of an execution sale of land is not an adjudication that the land was not exempt. Cherry v. Godard, 179 Okl. 158, 64 P.2d 315; Cuff v. Koslosky, 165 Okl. 135, 25 P.2d 290; Brewer v. Warner, 105 Kan. 168, 182 P. 411, 5 A.L.R. 385.

■ The trial court also excluded the proffered testimony of defendant Hildebrand with reference to whether Hildebrand had actual knowledge of the judgment against Ravenscraft. In so doing, the court held that the filing of the transcript of judgment in Osage County constituted notice to Hildebrand. Here, too, the court erred. As already pointed out, the transcript of judgment was filed in Osage County on May 4, 1950. By virtue of the provisions of 12 O.S.1951 § 706, judgments are liens on real estate of the judgment debtor in any county other than the one in which the judgment is rendered only after a certified copy of such judgment is filed in such county. But the deed from Ravenscraft to Hildebrand was recorded in Osage County on May 3, 1950, or the day before the copy of the judgment was recorded. By virtue of 16 O.S.1951 § 16, the recording of a conveyance of real property constitutes constructive notice thereof to subsequent purchasers, mortgagees, encumbrancers or creditors from the time it is filed. It is therefore apparent that while the recording of Hildebrand's deed on May 3, 1950, would constitute constructive notice to plaintiff, as a subsequent purchaser thereof, the recording of the judgment in Osage County on May 4, 1950, would not constitute notice to Hildebrand of such judgment since Hildebrand's deed had already been recorded. Since Hildebrand did not have constructive notice of the judgment, the question of whether he had actual notice or knowledge thereof was very material, and it was error to exclude evidence as to that question.

■■ The court also refused to permit Hildebrand to testify as to whether he entered into the transaction to purchase the land with any intent to aid or assist Ravenscraft to defraud any creditors, and defendants contend such refusal was error. It does not appear that this court has ever passed on the question so presented. In other jurisdictions, however, it appears to be well settled that the grantee in a conveyance alleged to be fraudulent may testify as to his own knowledge, good faith, purpose or intention in taking the conveyance. 37 C.J.S., Fraudulent Conveyances, § 411, p. 1240; 20 Am.Jur. 314, Evidence, § 338; Richolson v. Freeman, 56 Kan. 463, 43 P. 772; Byrne v. Reed, 75 Cal. 277, 17 P. 201; Brown v. Potter, 13 Colo.App. 512, 58 P. 785; Bank of Hendersonville v. Dozier, 24 Tenn.App. 178, 142 S.W.2d 191; Frost v. Rosencrans, 66 Iowa 405, 23 N.W. 895; Angell v. Pickard, 61 Mich. 561, 28 N.W. 680; Finch v. Kent, 24 Mont. 268, 61 P. 653; Campbell v. Holland, 22 Neb. 587, 35 N.W. 871; Durfee v. Bump, 51 Hun 637, 3 N.Y.S. 505; Nixon v. McKinney, 105 N.C. 23, 11 S.E. 154; Hamburg v. Wood, 66 Tex. 168, 18 S.W. 623. The only jurisdiction holding to the contrary appears to be Alabama. Broyles v. Central of Georgia R. Co., 166 Ala. 616, 52 So. 81. We find nothing in the Alabama view which impels us to accept it in preference to the contrary view of the other jurisdictions however, and conclude that the court erred in refusing to admit the offered testimony.

As their second assignment of error, defendants contend that the judgment is not supported by the evidence. We do not pass on the sufficiency of the evidence, however, for the reason that we are of the opinion that the errors in the admission of evidence hereinabove referred to require that a new trial be had, and correction of such errors may result in considerable change in the sufficiency of the evidence.

The judgment is reversed and the cause remanded with instructions to grant a new trial.

JOHNSON, C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.