### FINNEY *v.* GALLAUDET *et al.*

(*Common Pleas of New York City and County, General Term.* December 3, 1888.)

1. FACTORS AND BROKERS—ACTIONS—EVIDENCE—CUSTOM OF TRADE.
   In an action against stock-brokers, where defendants concede that a profit resulted from operations for plaintiff down to a given date, but set up that after that time other ventures were made on plaintiff's account, which left him in debt to them, and it is admitted that they did not follow the usual custom of sending notices during the later transactions, evidence of the method of business between them and plaintiff during the time of the undisputed dealings, and the ordinary custom of trade as to sending notices, is admissible, as bearing on the question whether the later transactions were for plaintiff.

2. SAME—CONVERSATIONS WITH CONFIDENTIAL CLERK.
   Evidence of conversations between one of the defendants and their confidential clerk is inadmissible on their behalf; but evidence of a conversation between such clerk and plaintiff is competent on behalf of the latter; the gist of defendants' defense being that such clerk was their employe, and, as such, received confidential orders from plaintiff.

3. TRIAL—VERDICT—SUFFICIENCY OF EVIDENCE.

     The fact that upon some points the uncorroborated evidence of one witness was believed, as against the contradiction of two or more, is no ground for setting aside the verdict as being against the weight of evidence, where nothing tends to show that the jury were influenced by passion or prejudice.

Appeal from trial term; JOSEPH F. DALY, Judge.

Action by John J. Finney against Peter W. Gallaudet and Henry Fitch, Jr., as copartners, doing business under the firm name of P. W. Gallaudet & Co., to recover an alleged balance due on account. Judgment for plaintiff, and defendants appeal. At folio 141, (referred to in the opinion,) the defendant Henry Fitch, Jr., being sworn as a witness, was asked in regard to a conversation held with one Wykes, defendants' confidential clerk. An objection to such question was sustained. At folios 150 and 170, evidence of conversations between plaintiff, who was being examined as a witness on his own behalf, and said Wykes was admitted over objection.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*Fraser & Minor*, for appellants. *Edwin M. Felt*, for respondent.

LARREMORE, C. J. The defendants are a firm of stock-brokers, and the plaintiff was a customer of theirs, and in this action sues to recover an alleged balance in his favor arising out of purchases and sales of stocks for his account. It was conceded that down to a given date plaintiff's operations were successful, and a profit resulted; but defendants set up an affirmative defense to the effect that, after the date of the last transaction referred to in the complaint, still other ventures were made on plaintiff's account which not only consumed the balance then standing in his favor, but brought him out largely in debt to his brokers. It is undisputed that these subsequent purchases and sales of stock were made, and that they have been charged to plaintiff upon defendants' books. The question of fact upon which the whole controversy turned, and which has been decided in plaintiff's favor by the jury, was whether any authority to identify him with the transactions in question ever existed. The verdict is not so obviously against the weight of evidence as to call for interference with it on that ground. It was admitted that, in the later transactions, the defendants did not follow the usual custom of business by immediately sending plaintiff written notice of each purchase and sale; and it also appears that such formalities were observed with him in the prior and more fortunate dealings. The explanation offered by defendants of their ceasing to treat plaintiff like an ordinary customer, and as they had formerly treated him, was that he had grown very intimate with their confidential clerk, Mr. Wykes, and by reason of such intimacy, and also because plaintiff wished the fact of his trading in the market to be kept secret, he was allowed to privately give his orders, and receive information of their result through Mr. Wykes. Plaintiff's denial of all the alleged circumstances necessary to make out this theory of defense is absolute and unqualified. He even denies that he was on terms of intimacy with Wykes, and asserts that the latter never had the slightest authority to bind or represent him. The mere fact that upon some points the uncorroborated word of one man was believed as against the contradiction of two or more witnesses, is no ground for impugning the verdict. The record discloses nothing tending to show that the jury was influenced by passion or prejudice. Nor do we think the criticisms of counsel upon some of the rulings at the trial are well founded. A strenuous objection was made to the showing of the method of business between the plaintiff and defendants during the time of their undisputed dealings with each other, as well as the ordinary custom of the trade as to sending notices, etc., which custom had been observed with plaintiff during such undisputed period. In our judgment, this evidence was properly admitted. Proof of custom was not introduced here, as is usually the case, to modify or supplement the positive provisions of law, but merely to throw light on the matter of probability in determining a question of fact. As

such, it was clearly relevant, and it would have been a great injustice to plaintiff if, when called upon to meet defendants' allegations, he had been deprived of the privilege of arguing inferentially as to their truth or falsity, from conceded facts in the business relations of the parties. We are also of opinion that the trial judge correctly ruled at folios 141, 150, and 170. Conversations between one of the defendants and Mr. Wykes, (defendants' confidential clerk,) sought to be proved on behalf of defendants, were properly excluded. It is elementary that a party may not prove in his own favor declarations made by himself or his agent, in the absence of the other party. But an alleged conversation between Mr. Wykes and plaintiff was rightly admitted on plaintiff's behalf, because the declarations of an agent made in the course of business are competent against his principal. Counsel for appellant contends that these rulings were both erroneous, because they assume that Wykes was defendants' agent. But what other supposition could the court possibly have entertained? The whole gist of defendants' affirmative defense is that Wykes was their employe, and, as such, received confidential orders from their customer, the plaintiff. Unless this was conceded, the facts alleged by way of affirmative defense were utterly irrelevant, and that part of the answer which contained them was frivolous. The claim that Wykes was plaintiff's agent will not bear the most simple analysis. Mr. Wykes was in the employ of the defendants, and regularly assisted them in their business. If all his statements were taken as true, they would establish nothing further than that, having become intimately acquainted with one of defendants' customers, some of the rigid formalities of business were, through his influence, relaxed as to that particular customer. This state of affairs would not in any way alter the original legal *status* of the parties. The judgment and order appealed from should be affirmed, with costs.

VAN HOESEN, J., concurs.