PEOPLE *ex rel.* FOLEY *v.* FRENCH *et al.*, Police Commissioners.

*(Supreme Court, General Term, First Department.* January 28, 1889.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN—SUFFICIENCY OF EVIDENCE.

On trial of a patrolman charged with having been intoxicated defendant claimed that he had drank only two glasses of beer, and there was evidence that his powers of locomotion were not affected by the liquor drank. Other patrolmen testified that in their opinion defendant was not intoxicated, but they admitted that their attention was not particularly called to the matter. A captain and sergeant of police testified that from actual observation they considered defendant unfit for duty at the time of the alleged intoxication, saying that "his head was more affected than his feet." *Held,* that the action of the police commissioners in discharging the defendant would not be set aside under Code Civil Proc. N. Y. § 2140, providing that the supreme court may set aside the decision of the police commissioners in the same cases wherein they would be justified in setting aside the verdict of a jury.

On *certiorari.*

Proceedings by the people on the relation of Hugh J. Foley to review the action of Stephen B. French and others, as police commissioners of the city of New York, in removing the relator from the police force.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Tierney & Halsey,* for relator. *Henry R. Beekman* and *Wm. S. Turner,* for respondents.

MACOMBER, J. The relator was accused, in properly prepared charges and specifications, of conduct unbecoming an officer and a patrolman, in that he was unfit to perform patrol duty on the 20th day of January, 1888, by reason of intoxication. The evidence against the relator was direct, positive, and unequivocal. The witnesses, Capt. Peter Yule and Sergt. James J. Norton, spoke from actual observation and conversation with the accused, and both unhesitatingly pronounced him unfit for patrol duty at that time. The evidence in favor of the relator is of a general and inconclusive character, except his own, which is to the effect that he had drank only two glasses of beer, or about a pint, after 2 o'clock in the afternoon of the day in question. Seven other patrolmen, who were present at roll-call at the station-house, also testified that in their opinion the accused was not intoxicated, but each of them admitted substantially that his attention was not particularly attracted to the relator, nor did they, or any of them, examine him in respect to his condition.

Section 2140, Code Civil Proc., enables the court to review the evidence in proceedings of this character, and to set aside the decision of the police commissioners in the same cases where a court would be justified in setting aside the verdict of a jury as being against the weight of evidence; but we do not find in the case that preponderance of evidence in favor of the relator which would justify us in interfering with the conclusion reached by the police commissioners. The learned counsel for the appellant argues that it was not possible for the relator to have been under the influence of liquor, for, as some of the witnesses stated, he had walked a mile and a half in 26 minutes after drinking the beer, but this circumstance, even if abundantly proved, would by no means show that the determination of the commissioners was erroneous. The form of intoxication, which was described by the sergeant, did not relate to the power of locomotion of the patrolman, for the sergeant testifies that the relator had borne successfully the ordeal of walking the crack, but, rather, to the condition of his head. He says: "His head was more affected than his feet. I thought he didn't have sense enough to perform patrol duty." It

might well be that the patrolman could walk the distance and undergo the test above mentioned, and yet have his brain clouded by beer. The police commissioners exacted no more than that this patrolman, when offering himself for duty, should have a head clear enough to be able to discharge the functions of his post intelligently and discreetly. The evidence adduced before them being direct and positive, they were justified in dismissing the relator from the force. The order appealed from is affirmed, with $10 costs and disbursements. All concur.