### MITCHELL *v.* MITCHELL.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

TRIAL—VERDICT—CORRECTION—APPEAL.

Where the verdict in an action for conversion in justice court is simply "for the plaintiff for the return of the property," without assessing its value, and judgment is entered on the verdict, and no attempt is made to have the verdict corrected,' plaintiff, on appeal from the judgment, cannot have it reversed for such defect in the verdict. DYKMAN, J., dissenting.

Appeal from county court, Queens county.

This action was brought by Eleanor T. Mitchell, as administratrix, etc., of Elijah J. Mitchell, deceased, against James T. Mitchell, before a justice of the peace. The justice's return to the county court simply recites that the complaint was an action "for conversion of goods, chattels, and credits of Elijah J. Mitchell, deceased, consisting of a gold watch, overcoat, and dog, valued at $200;" and that "the defendant answered by general denial;" that the action was tried to a jury; and that the verdict was "for the plaintiff for the return of the property," and her costs. Judgment being entered accordingly, plaintiff, without having attempted to have the verdict corrected, appealed to the county court, where the judgment was reversed, on the ground that, the action being in conversion, and not in replevin, the verdict and judgment would defeat the plaintiff's remedy, and judgment was entered in favor of plaintiff for costs. Defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Benjamin W. Downing,* for appellant. *Robert Townsend,* for respondent.

BARNARD, P. J. The return of the justice fails to show whether or not the plaintiff at the time the summons was issued made a written requisition for the return of the property. The complaint seems to have been in writing, and that is not returned, or a copy of it. The evidence was all addressed to the question of the plaintiff's title to the property, and the jury rendered a verdict "for the plaintiff for the return of the property." No objection was made to the form of the verdict by either party. The plaintiff then appealed from the judgment in his favor rendered on this verdict. Such a judgment could not be reversed on appeal. The verdict could have been corrected by the jury, if the point had been made that the value of the property should have been assessed, so that the same could be recovered in case a return could not be had. *Johnson* v. *Carnley*, 10 N. Y. 570. In this case it was held that

the form of the judgment could not be reached by an exception. The rule that in courts of justices of the peace objection must be taken when the error could be corrected, if made, is uniform. The judgment for the return of the property was good so far as respects the title, and the plaintiff accepted it by his silence. The judgment of the justice should be affirmed.

PRATT, J., concurs.

DYKMAN, J., (*dissenting.*) This action was commenced in a court of justice of the peace by the plaintiff as administratrix of her deceased husband, for the conversion of a watch, an overcoat, and a dog. The trial was before the justice of the peace and a jury, and the verdict was "for the return of the property." It does not appear whether judgment has been entered upon the verdict, and it is quite immaterial. The law makes the judgment in accordance with the verdict, and the justice can write none other. No objection was made to the form of the verdict at the time of its rendition, and no request was made to the court for its correction, either by the jury or the court. The verdict was for the plaintiff, and the judgment the law makes upon it is for the return of the property. But there was no assessment of the value, and therefore there seems to be no legal mode of enforcing the judgment. The result seems to be, therefore, that the judgment is unavailable to the plaintiff, although nominally in her favor. The judgment of the county court should therefore be affirmed, with costs.