BENJAMIN H. TUTHILL, Respondent, *v.* GEORGE W. HUSSEY *et al.*, Appellants.

*Supreme Court, First Department, General Term, November* 7, 1889.

*Appeal. Facts.*—Where the question is purely one of fact, and the evidence conflicting, the verdict will not be disturbed.

Appeal from a judgment in favor of plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial on the minutes.

Action on a promissory note given by defendant Hussey in part payment for a hotel. The main defense was that the note was materially altered after delivery in that the words " with interest from date " were added.

The plaintiff and three others, two of whom were disinterested, testified that plaintiff refused to accept the note unless it was drawn with interest; that one of them, an attorney, who drew the note, added the words, after which Hussey signed it and took it out for Harriman's indorsement, and upon his return delivered it to plaintiff. Defendants testified that the words were not on the note when they signed it.

*John H. Reid*, for appellants.

*Warren W. Foster*, for respondent.

BARRETT, J.—The sole question in this case was whether the words " with interest " were written in the note sued upon before or after its execution, indorsement and delivery. A number of witnesses testified that these words were written in the note before it was executed, while the defendants

testified to the contrary. It is apparent, therefore, that the question was purely one of fact. The verdict was in favor of the plaintiff, and it was fully supported by abundant testimony; indeed, after reading all the testimony carefully, I feel bound to say, by the weight of evidence. There was not an exception in the case and the question of fact was fairly and thoroughly presented to the jury. It is difficult to believe that this appeal was taken with any hope of success. It is plainly without merit.

The judgment and order denying a new trial should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concur.

---

NOTE ON "SETTING ASIDE VERDICT."

The jury on questions of fact are only to be subject to a review in extreme cases. Hughes v. Orange Co. M. Ass'n, 56 Hun, 396.

As to when it is error to direct a verdict for the plaintiff on the opening of the defendant. Shaen v. Gumpert, 24 N. Y. St. Rep. 296.

An exception to the direction of a verdict only brings up for review the question whether there is evidence to sustain the verdict. Green v. Shute, 15 Daly, 361.

Where a subsequent oral agreement is claimed and denied, on conflicting testimony, the direction of a verdict is error. Philips v. Arguimbau, 37 N. Y. St. Rep. 890.

An exception to a direction to find for the plaintiff raises no question for review. Klienberger v. Brown, 58 Supr. 4.

The facts, where the verdict is directed by the court, are presumed to have been found in favor of the successful party. Sutter v. Vanderveer, 122 N. Y. 652.

A verdict for nominal damages, in an action for false imprisonment for a technical arrest, cannot be set aside as inadequate. Henderson v. McReynolds, 60 Hun, 579.

A verdict of the jury, who were permitted to inspect the place, to enable them to understand the situation, is not final. Peck v. F. J. & G. R. R. Co., 53 Hun, 634.

A verdict, rendered properly on a direction, will not be disturbed, though the jury would not have found such verdict. Hunter v. Stuge, 35 N. Y. St. Rep. 87.

The appellate court should not reverse a verdict, though its impression,

if an original question, is in favor of the appellant. Wiel *v.* Wright, 55 Hun, 611.

As to when a verdict will not be disturbed by reason of the remarks of counsel at the opening, see Shepard *v.* N. Y. E. R. R. Co., 60 Hun, 584.

The remark of a juror, in open court, to the effect that a juror stands for conviction, does not justify the disturbance of the verdict. People *v.* Kennedy, 57 Hun, 532.

When judgment will not be set aside as against weight of evidence, see People *ex rel.* Deley *v.* French, 52 Hun, 90.

A verdict will not be disturbed on appeal, unless against the weight of evidence. Crouse *v.* Rowley, 19 N. Y. St. Rep. 287; Smith *v.* Dodge, 49 Hun, 611.

A verdict will not be disturbed, when sustained by the evidence, and no question of law is involved. Lobhardt *v.* Gilbert, 53 Hun, 633.

A verdict, entirely supported and justified by evidence, will not be disturbed on appeal. Hunter *v.* N. Y. O. & W. R. R. Co., 57 Hun, 591.

A verdict, supported by the evidence, will be affirmed. Murphy *v.* Yonkers, 59 Hun, 618.

A verdict will not be disturbed, if supported by the evidence. Cartwright *v.* Mount Vernon, 21 N. Y. St. Rep. 311.

A verdict, not destitute of support, will not be disturbed. Swain *v.* Schieffelin, 58 Hun, 608.

A verdict will not be disturbed, where there is sufficient evidence to support it. Kellow *v.* McCaw, 38 N. Y. St. Rep. 480.

Where the probabilities of the case justify the finding of fact, it will not be disturbed on appeal. Slocum *v.* Slocum, 57 Hun, 591.

A verdict will not be disturbed, where the jury is justified, from the evidence, in their finding. Shambow *v.* N. Y., N. H. & H. R. R. Co., 39 N. Y. St. Rep. 367.

A verdict, where the evidence presents a question for the jury, will not be disturbed as against the weight of the evidence. Reigner *v.* Bryan, 55 Hun, 604.

Where the defense submitted to the jury was more favorable to the defendant than the counterclaim set up in the answer, the verdict in the plaintiff's favor will not be disturbed. Becker *v.* Puels, 31 N. Y. St. Rep. 814.

The jury are not bound by the number of witnesses, but may determine the issues by testimony which they believe. Latham *v.* Delaney, 39 N. Y. St. Rep. 369.

That uncorroborated testimony of one witness on some point is believed as against the contradicting testimony of two or more witnesses, is no ground for impugning the verdict. Finney *v.* Gallaudet, 15 Daly, 66.

Where two verdicts are the same in a case, which must be submitted to a jury, the second verdict will not ordinarily be disturbed. Nichols *v.* Tuttle, 59 Hun, 615.

A verdict, on the testimony of one, against two, witnesses, is not against the weight of evidence. Hourney *v.* B. C. R. R. Co., 27 N. Y. St. Rep. 49.

A verdict in favor of the plaintiff will not be disturbed, where there has been three trials with the same result, the last of which was more than fifteen years previous. Seely *v.* Shaffer, 56 Hun, 645.

A verdict will not be disturbed, where it has direct evidence, and tacit support of three generations of men, to uphold it. Seneca Nat. Bk. *v.* Hugaboom, 56 Hun, 643.

In case of an execution of a note by a mark, the death of the attesting witness and the absence of direct testimony, the verdict in favor of the defendant will not be disturbed. Hall *v.* Littleton, 59 Hun, 618.

A verdict, based upon contradictory evidence of the party, will not be disturbed on appeal. Hare *v.* Mahony, 60 Hun, 576.

A verdict as to questions of fraud, unless palpably wrong, should not be disturbed. Cantor *v.* Claflin Co., 58 Hun, 610.

When verdict for personal injuries in favor of plaintiff, will not be disturbed, see Hoffkins *v.* Man. R'y Co., 53 Hun, 634.

A verdict in an action for a separation will not be disturbed, where the defendant's evidence is insufficient to refute the plaintiff's testimony. Bolen *v.* Bolen, 53 Hun, 634.

A verdict for the plaintiff will not be disturbed, where the evidence of payment was uncertain as to the time and amount. McQuade *v.* Adams, 53 Hun, 633.

A verdict will not be set aside, because the jury's method of arriving at the results is not apparent. Brown *v.* Recknagle, 56 N. Y. Supr. 330.

A verdict awarding the usable value of a boat during the detention, and the costs and expenses of relieving her from seizure, will not be disturbed. Compton *v.* Heissenbuttal, 38 N. Y. St. Rep. 458.

As to when a verdict will not be disturbed, see Akersloot *v.* Second Av. R. R. Co., 40 N. Y. St. Rep. 231.

A verdict will not be reversed for a failure to assess the value in an action of replevin in the justice's court. Mitchell *v.* Mitchell, 51 Hun, 644.

A verdict in favor of the plaintiff, where the vital question in case is submitted without objection or exception, will not be disturbed. Rand *v.* R., W. & O. R. R. Co., 56 Hun, 645.

A verdict will be upheld, where the question was fairly submitted upon sufficient evidence. Hungerford *v.* S. B. & N. Y. R. R. Co., 50 Hun, 602.

Where the case was fairly left to the jury in a charge to which no exceptions were taken, and the evidence was clearly sufficient to sustain the verdict, it will not be disturbed. Bushman *v.* Brown, 57 Hun, 592.

Where the only question of fact involved in the case was submitted to jury upon principles laid down by the court of appeals, the verdict will not be disturbed. N. Y. R. Co. *v.* Rothery, 57 Hun, 590.

The verdict must control, where the question of contributory negligence is fairly submitted to a jury. Schmidt *v.* S. & H. P. R. R. Co., 57 Hun, 590.

The jury, who hears the conflicting testimony, is the proper tribunal to dispose of that conflict. Depan *v.* Wallace, 63 Hun, 632. The court cannot put aside their verdict as wholly unsupported by the evidence, where there is sufficient evidence to uphold it. Id.

Where, in an action for work performed under contracts by plaintiff's assignor, the defense was a breach of contract and payment, the evidence was conflicting and irreconcilable and the case was submitted to the jury under a proper charge, their verdict was held to be final on the questions of fact. Weigmann *v.* Sire, 43 N. Y. St. Rep. 27.

The verdict of a jury, rendered upon conflicting evidence and under a proper charge, will not be disturbed. Van Doren *v.* Jelliffe, 41 N. Y. St. Rep. 96.

The appellate court is not at liberty to set aside the decision of the jury on conflicting evidence, though different from what it would have found on the whole evidence, where there is sufficient evidence to support it. Mann *v.* City of Brooklyn, 63 Hun, 627.

A verdict rendered on conflicting evidence is conclusive. Gleason *v.* Morrison, 56 Hun, 641.

A verdict will not be disturbed on appeal, when rendered on conflicting evidence. Francis *v.* R., W. & O. R. R. Co., 59 Hun, 620; Richards *v.* Moore, 60 Id. 577; Volk *v.* Livingston, 56 Id. 648; Barwick *v.* G. L. & E. Co., 58 Id. 603; Mendel *v.* B. C. R. R. Co., 57 Id. 591; Tuthill *v.* Hussey, 54 Id. 637; Huxford *v.* Stoddart, 58 Supr. 584; Crane *v.* Schloss, 37 N. Y. St. Rep. 682; May *v.* Hammerschleg, 38 Id. 488; Anderson *v.* J. H. M. L. Ins. Co., 27 Id. 275; Smith *v.* Pryor, 16 Daly, 169; Provost *v.* Mayor, etc., 15 Id. 87; Yeandle *v.* Yeandle, 61 Hun, 625; Mortimer *v.* Doelger, 33 N. Y. St. Rep. 705.

The verdict will not be disturbed as contrary to evidence, where the evidence is conflicting and nearly balanced. Wedge *v.* McMahon, 58 Hun, 602.

The verdict will not be disturbed, where sharp disputes in the evidence, and no errors, exist. Piggott *v.* Hanchett, 55 Hun, 610.

A verdict, upon conflicting evidence, will not be disturbed on appeal, where both theories were submitted under proper instruction. Bensky *v.* Banks, 55 Hun, 610.

A verdict on issues of fact, in case of conflicting evidence and fair submission, will not be disturbed on appeal. Hall *v.* Canary, 38 N. Y. St. Rep. 466.

A verdict will not be disturbed in case of conflicting evidence and proper instructions. Luehsen *v.* U. F. W. Co., 56 Hun, 647.

A verdict upon conflicting evidence will not be disturbed, in case no error was committed on the trial. Doyle *v.* U. F. Works Co., 56 Hun, 647.

A verdict will not be set aside and a new trial granted, where there is nothing more than a mere conflict of evidence. Franchi *v.* B. B. C. Co., 36 N. Y. St. Rep. 793.

The appellate court cannot interfere with a verdict based upon conflicting evidence. Southard *v.* Curley, 58 Hun, 608.

As to when a verdict, on conflicting evidence, is against the weight of the evidence, see Hotis *v.* N. Y. C. & H. R. R. R. Co., 53 Hun, 634.

A failure to produce a material and necessary witness on the trial is not sufficient ground for interfering with the verdict. Storm *v.* Phoenix I. Co., 61 Hun, 618.

Note on " Setting Aside Verdict."

The calling and examining of a witness by the judge, who is accepted by the adverse party, is not reversible error. O'Connor *v.* Nat. Ice Co., 56 Super. 410.

A direction to the plaintiff to proceed with the examination of a witness in the absence of the opposite party's book, which the witness desires to use, is not ground for reversal. O'Neill *v.* Howe, 16 Daly, 181.

A verdict, grossly inadequate, should be set aside. Smith *v.* Dittman, 16 Daly, 427.

A verdict for insufficient damages, against the weight of uncontradicted evidence, will be set aside on the plaintiff's motion. Hoe *v.* Hoey, 39 N. Y. St. Rep. 221.

Unless it clearly appears from the record that the trial judge has improperly invaded the province of the jury, his order, setting aside the verdict as excessive and granting a new trial, should stand. Herbst *v.* Vacuum O. Co., 61 Hun, 623.

Where the plaintiff fails to prove himself free from contributory negligence, on the most favorable construction of his evidence, the verdict in his favor will be set aside as against the weight of evidence. Nolan *v.* N. Y. C. & H. R. R. R. Co., 61 Hun, 623.

The verdict, in this case, was held to be against the weight of evidence, and a new trial ordered. Shultz *v.* Third A. R. R. Co., 15 Daly, 95.

As to when a verdict for the plaintiff in an action for negligence will be set aside. Pullutro *v.* Del., L. & W. R. R. Co., 39 N. Y. St. Rep. 293.

As to when a verdict will not be set aside as against the weight of evidence, see Parker *v.* Knox, 60 Hun, 550; Brumfield *v.* Hill, 28 N. Y. St. Rep. 362.

A verdict against the evidence will be set aside. People *v.* McNiel, 55 Hun, 607.

A verdict, unsupported by the evidence, will be set aside. Oliver *v.* Moore, 58 Hun, 609.

As to when the court will set aside the verdict. Martine *v.* Huyler, 55 Hun, 611.

Evidence, admitted by an erroneous ruling against objection, is inadequate to sustain the verdict. Fish *v.* Colvin, 53 Hun, 631.

Where the plaintiff's testimony is uncorroborated, but contradicted by his letters and the testimony of the defendant, a verdict in his favor will be set aside. Curtis *v.* Wheeler & W. M. Co., 61 Hun, 625.

A theory, based upon an improbable guess, cannot be a basis for upholding the verdict. Mehegan *v.* N. Y. C. & H. R. R. R. Co., 125 N. Y. 768.

A verdict based on utterly unreliable testimony cannot stand. Kenney *v.* O. S. S. Co., 58 Hun, 603.

A verdict, inconsistent and manifesting a disregard of evidence by the jury, should be set aside. People *v.* Massett, 55 Hun, 606.

The evidence in this case was held, on appeal, insufficient to sustain a verdict for the plaintiff. Solomon *v.* Miller, 22 N. Y. St. Rep. 39.