### VERNON v. SIMMONS.

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

**1. PARTNERSHIP—WHAT CONSTITUTES—EVIDENCE.**

A finding that no partnership existed between plaintiff and defendant is supported by evidence that, though a firm name was used on letter-paper and in correspondence, and that a lease of an office was executed to them jointly, this was done at defendant's request, to help him get contracts; that, though plaintiff admitted he was to have an interest in certain contracts obtained by defendant, it was only in the net profits, "for services rendered;" that, when plaintiff applied for an interest in other contracts, defendant told him a separate agreement must be made for each transaction; and that, when plaintiff offered to settle the matter in dispute, after rendering an account for services and expenditures, defendant, in his written reply, made no suggestion of any unsettled partnership accounts between them.

**2. ACCOUNT STATED—WHEN ACTION LIES.**

Proof that defendant, without objection or making any reply, retained an account for moneys expended and services rendered for him by plaintiff, inclosed in a letter demanding payment, and that subsequently, on meeting plaintiff, defendant acknowledged the receipt of the letter, and said he had no money to settle the account, is sufficient to sustain an action on an account stated.

**3. SAME—OBJECTIONS TO EVIDENCE—APPEAL.**

Though an objection is properly taken to the admission of evidence as to any item not specified in the account stated, but included in the bill of particulars annexed to the complaint, yet, to make it reversible error, it must be followed up by a request to exclude the item from the consideration of the jury.

Appeal from city court, general term.

Action by Edward Vernon against James A. Simmons, on an account stated. From a judgment of the general term of the city court, affirming a

judgment entered on a verdict in plaintiff's favor, and from an order denying his motion for a new trial on the minutes, defendant appeals.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Olcott, Mestre & Gonzales*, (*Emmet R. Olcott* and *William I. Judge*, of counsel,) for appellant. *J. Douglas Brown*, (*Geo. W. Stephens*, of counsel,) for respondent.

DALY, J. The plaintiff sent to the defendant, on or about August 26, 1884, two accounts,—one for moneys laid out, showing a balance of $293.13, and one for services, amounting to $500,—inclosed in a letter demanding payment of these sums. The defendant retained the accounts without objection, or making any reply, and subsequently, on meeting plaintiff, acknowledged the receipt of the letter, and said that he had no money to settle the account, but would pay it as soon as he could. This proof was sufficient to sustain an action upon an account stated, and, although the defendant swore that he never had any such conversation with plaintiff, the case was properly for the jury, and the verdict in favor of the plaintiff upon the issue of fact cannot be disturbed. The appellant, in his brief, upon this appeal, ignores the evidence of express promise to pay the account as rendered; but such a promise is directly sworn to by plaintiff.

The account so sent to defendant did not include an item of $125 for money paid out for defendant prior to the time of rendering the account. This item was included in the bill of particulars annexed to the complaint, and is part of the demand in the pleading. It was proved under the defendant's objection. That objection was a good one at the time, but it should have been followed up by a request to the court to exclude the item from the consideration of the jury. Instead of doing so, the defendant permitted the court to submit to the jury, with the items of the account, this item of $125, with the evidence for and against it, without objection; and, having done so, he cannot now claim error in that regard. The city court, in its discretion, upon the motion for a new trial, might have reversed the judgment upon this ground; but, in the absence of an exception to the charge upon this point, we cannot do so.

The principal contention in the case arose upon the defense that the parties were copartners, and that the matters sued for were part of the copartnership transactions, and that no settlement of such transactions had ever been had. The plaintiff denied the copartnership, and the jury believed him, although defendant affirmed the contrary, and several witnesses swore to plaintiff's admissions in that regard, and there was uncontradicted evidence of the use of the firm name on letter-paper and in correspondence, and evidence of a lease to the parties jointly of an office for business purposes. The plaintiff explained that the use of the firm name upon the letter-paper was at defendant's request, he saying that it would help him to get contracts; and plaintiff, while still denying that any partnership was agreed upon, admitted that he supposed he was to receive an interest in contracts obtained by defendant. What that interest was we can judge by one transaction, by which an interest in a contract was given by plaintiff to defendant. By an instrument in writing dated August 20, 1884, at about the close of the relations between them, the defendant assigned to the plaintiff, in consideration of one dollar and "for services rendered," "one half part or portion of the net profits accruing to the defendant from the contract entered into between him and one John S. King, jointly with the Ohio River & Lake Erie Railroad Company, for the building of the road from Greenville to a connection with the Nickel Plate road." From the language of this instrument, it is manifest that the plaintiff did not receive the one-half share of the profits as profits, but as compensation for services only. This piece of proof, therefore, though introduced by defendant to prove a copartnership, did not prove it, but the

contrary. It also appears from the testimony of plaintiff that when he applied for an interest in the other contracts the defendant told him that a separate agreement must be made for each transaction. This was not denied by defendant, and is quite satisfactory evidence that no general, nor in fact any, copartnership agreement existed between them. In addition, it appears that when, some 18 months after the accounts were rendered to defendant, the plaintiff wrote to him, offering, as he was "very hard up," to receipt in full for all demands if defendant would send him $125 in cash, and a note at three or six months for a similar amount, saying that it was "settling at about twenty-five per cent. on the dollar," the defendant, in a written reply, said that he was sorry to say that he could not comply with the request; if he could, he would cheerfully do so,—and nowhere in his letter makes any suggestion of any unsettled copartnership accounts between them. It is not surprising that the jury, upon all this evidence, found that there was no copartnership. There was not only nothing in the testimony which was conclusive against plaintiff's claim, but, on the whole evidence submitted to the jury, they might properly find, as they did, that the parties were not, and never had been, partners.

The fact that the plaintiff was contradicted by several witnesses and by certain circumstances, including acts and alleged admissions of his own, might be ground, for the general term of the city court, for ordering a new trial, if they thought that the plaintiff's version was not corroborated by facts proved in the case; but we, as an appellate tribunal, cannot disturb the verdict on that ground, if we would, there being sufficient evidence in the case to sustain the verdict. This is not a case where there is a mere conflict of oath against oath of plaintiff and defendant on the promise to pay. The plaintiff is corroborated by the letter of defendant, to which I have referred above. There is no error in the charge. The defendant's case was most fully and fairly submitted upon his requests. The judgment and order should be affirmed, with costs. All concur.