See further, Steele *v.* Raphael, 59 Hun, 626; Prentice *v.* Butler, Id. 626; Oliver *v.* Walter Heywood C. Mfg. Co., 57 Id. 588 Bowman *v.* Perine, 23 Abb. N. C. 236; Weitkamp *v.* Loehr, 53 Supr. 79; Dupuy *v.* Wurtz, 53 N. Y. 556; De Meli *v.* De Meli, 5 Civ. Pro. 308; Kennedy *v.* Ryal, 67 N. Y. 379; Wallace *v.* Castle, 68 Id. 370; Matter of Collins, 64 How. 65; Ricetti *v.* Mapleston, 22 W. Dig. 215.

---

JOHN JARRARD, Appellant, *v.* RANDALL M. BISSELL *et al.*, Respondents.

*Supreme Court, Third Department, General Term, December 11, 1889.*

*Appeal. Findings.*—The findings of the trial court will not be interfered with by the general term, if within the evidence though the evidence upon certain points is not as satisfactory as could be desired.

Appeal from judgment in favor of plaintiff.

*Peter S. Carter*, for appellant.

*J. Homer Hildreth*, for respondents.

LANDON, J.—The plaintiff sued to recover the balance upon the contract price for freight of a cargo of potatoes received by him from the defendants upon his canal boat at

Port Jackson, Clinton county, and transported to New York, and delivered to the defendant's consignee there. The case was tried by the court without a jury. The main question was whether the plaintiff delivered all the potatoes he received. The court made allowance for shrinkage, and found that he delivered fifty-six barrels less than he received, and charged him with the value thereof. The testimony is not as satisfactory as to the amount received as could be desired, and the trial court was oppressed with this circumstance. We must affirm the findings of fact because they are within the evidence, and we cannot see that they are wrong. Of course if the plaintiff did not deliver all the cargo he received and agreed to deliver, he must excuse himself, or pay for the deficit.

No error of law to the prejudice of the plaintiff was committed.

Judgment affirmed, with costs.

LEARNED, P. J., concurs.

NOTE ON " CONCLUSIVENESS OF FINDINGS OF FACT UPON CONFLICTING EVIDENCE."

A finding on conflicting evidence will not be disturbed. Larkin v. Taber, 55 Hun, 612.

The finding of the trial court, or a referee, upon conflicting evidence, is conclusive. Swasey v. Berger, 125 N. Y. 677; West v. Van Tuyl, 28 N. Y. St. Rep. 549; Holcomb v. Campbell, 118 N. Y. 46; Baldwin v. Doying, 114 Id. 452; Berdell v. Allen, 116 Id. 661; Baker v. Man. R'y Co., 118 Id. 533; Musgrave v. Buckley, 114 Id. 506; Harr v. N. Y. C. & H. R. R. R. Co., 23 N. Y. St. Rep. 187; People v. Tanner, 128 N. Y. 416; Matter of Thompson, 127 Id. 463; Vanderzee v. Herman, 59 Hun, 617; Kemp v. Peck, Id. 118; Crim v. Starkweather, Id. 620; Barry v. Coville, Id. 620; Francis v. R., W. & O. R. R. Co., Id. 620; Sipfle v. Isham, Id. 620; Edwards v. Watertown, Id. 620; Fogal v. Page, Id. 625; Daniels v. Smith, 54 Id. 639; Cousins v. Third A. R. R. Co., 53 Id. 634 ; Ludlow v. Gierhon, Id. 634 ; Gierhon v. Ludlow, Id. 634 ; Holmes v. Young, Id. 638 ; Graves v. Santway, 52 Id. 613; Delamater v. Prudential Ins. Co., Id. 615; Nordlinger v. Anderson, 53 Id. 630; Jones v. Blanco, 52 Id. 614;

Note on "Findings of Fact upon Conflicting Evidence."

Pease *v.* Field, Id. 614; Leszynsky *v.* Leszynsky, 53 Id. 637; Matter of Abbey, Id. 631; Halpin *v.* Finch, Id. 631; Currier *v.* O. & L. C. R. R. Co., Id. 635; Simonson *v.* Krollpfeiffer, Id. 632; Anderson *v.* N. Y., L. E. & W. R. R. Co., Id. 633; Matter of Darling, Id. 636; Behrman *v.* Linde, Id. 630; Fisher *v.* Rankin, Id. 630; Bayles *v.* Jayne, 51 Id. 644; Berke *v.* 23d St. R. Co., 52 Id. 611; Hadden *v.* Waring, Id. 611; Leichman *v.* Jughan, 51 Id. 643; People *ex rel.* Gesser *v.* French, Id. 639; People *ex rel.* Keegan *v.* Purroy, Id. 640; Bick *v.* Reese, Id. 639: Bockelen *v.* Berdell, 21 N. Y. St. Rep. 429; Rancher *v.* Cronk, 50 Hun, 602; McCarthy *v.* Teale, 51 Id. 638; Mooney *v.* Fagan, Id. 639; Young *v.* Grill, 50 Id. 606; Richardson *v.* Van Voorhis, 20 N. Y. St. Rep. 667; Sheffer *v.* Harmon, Id. 792; Tummond *v.* Moody, Id. 812; People *ex rel.* Foley *v.* French, 51 Hun, 641; Ford *v.* Hebbard, 19 N. Y. St. Rep. 332; Laraway *v.* Fischer, 49 Hun, 611; Snyder *v.* O'Conner, 50 Id. 604; Gamble *v.* Hine, Id. 604; Gillen *v.* Babcock, 60 Id. 579; Tilden *v.* Raab, Id. 579; Oliver *v.* Moore, Id. 584; People *ex rel.* Gardner *v.* McClave, Id. 583; Gibbons *v.* Phœnix, 61 Id. 619; Goldberg *v.* N. Y. C. & H. R. R. R. Co., 60 Id. 586; Olena *v.* Huntington, Id. 535; Matter of Williams, 61 Id. 618; Miner *v.* Brown, Id. 620; McBride *v.* Orange Co. R. R. Co., 60 Id. 585; McCulloch *v.* Dobson, Id. 586; Brian *v.* Mead, Id. 585; Pratt *v.* Poole, 61 Id. 620; Barney *v.* Fuller, Id. 618 ; Hoyt *v.* Cline, Id. 619; Ellison *v.* Jones, Id. 619; Eysaman *v.* Small, Id. 618; People *ex rel.* Sullivan *v.* Robb, Id. 625; Bennett *v.* N. Y. C. & H. R. R. R. Co., Id. 623; Avery *v.* Starbuck, 57 Supr. 597; Brooks *v.* Ludin, Id. 145; Hays *v.* Phœnix Ins. Co., Id. 199; Pryor *v.* Foster, 24 N. Y. St. Rep. 917; Brown *v.* 73d St. R. R. Co., 56 Supr. 356; Storck *v.* Met. E. R. Co., 39 N. Y. St. Rep. 263; Latham *v.* Delaney, Id. 369; Dreher *v.* Connolly, 16 Daly, 106; People *ex rel.* Kunse *v.* Woodman, 15 Id. 20; Schrimpton *v.* Schener, 39 N. Y. St. Rep. 54; Levy *v.* Backer, Id. 55; Byron *v.* Bell, Id. 57; Weiss *v.* Strauss, Id. 78; Preuser *v.* Stockton, Id. 89; Schapierer *v.* Third Ave. R. R. Co., Id. 209; Steinhardt *v.* Buel, 40 Id. 692; Matter of Eisner, 22 Id. 349; Endress *v.* L. S. & M. S. R. R. Co., 19 Id. 481; Vroman *v.* Rogers, 25 Id. 933; Craighead *v.* B. C. R. R. Co., Id. 941; Rankin *v.* McBride, Id. 955; Johnson *v.* Sheridan, Id. 1008; Glavin *v.* Savarese, Id. 1016; Buhler *v.* Gibbons, 24 Id. 303; Agnew *v.* B. C. R. R. Co., Id. 744; Gallagher *v.* Coney I. & B. R. R. Co., Id. 746.

The finding of a referee, upon conflicting evidence, that the fence was insufficient to restrain peaceable animals, will not be disturbed. Archibald *v.* N. Y. C. & H. R. R. R. Co., 60 Hun, 581.

The failure to request a finding, upon conflicting evidence, precludes a party from claiming a preponderance of evidence in his favor. Clark *v.* Swift, 59 Hun, 628.

The finding on the question of partnership, upon conflicting evidence, is conclusive. Vernon *v.* Simmons, 15 Daly, 399.

When the findings that a sale by a partner and assignment by a vendee are not fraudulent, will not be disturbed. Durfee *v.* Bump, 51 Hun, 637.

Where a separate finding that the plaintiff suffered damages is not necessary. Id.

The finding of a referee, on conflicting evidence, was held to be in accordance with the probabilities of the case. Parker *v.* Collins, 57 Hun, 590.

Where there is a conflict in the evidence, the findings of fact of the special term will not be disturbed on appeal. Austin *v.* Rappelye, 45 N. Y. St. Rep. 489. The general term cannot, in a doubtful case, upon conflicting evidence, assume the place of the referee or court, and determine, from mere reading of the evidence, who has told the truth or is best entitled to credit. Id.