DAVID J. McGOWN et al., Appellants, *v.* CURTIS A. BARNUM et al., Respondents.

*McGown* v. *Barnum*, 98 App. Div. 622, affirmed.
(Argued June 14, 1905; decided October 3, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 17, 1904, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at Special Term.

*Clarence L. Barber* for appellants.

*Carlton B. Pierce* for respondents.

*Per Curiam.* It is very unfortunate that so simple a matter as is the subject of this controversy should be the occasion of so much and such unnecessary litigation. It cannot be questioned that the interest the defendant Barnum took under

his father's will in the house and lot in the town of Middle-field was a vested remainder in fee and that his interest in the fund produced by the sale of said lot was of the same character. That remainder was at all times alienable and devisable by said Barnum and his title thereto passed to the receiver appointed in supplementary proceedings. The present action to establish the receiver's title to the remainder in the fund after the death of the judgment debtor's mother was unnecessary. The plaintiff receiver could apply in the supplementary proceedings for leave to sell the judgment debtor's interest in the fund. The judgment creditors could purchase on the sale and on the termination of the life estate get possession of the fund itself. Whether the present action can be maintained may be doubted regardless of the effect of the prior judgment between the parties, but it is unnecessary to determine that question as we deem the plaintiffs concluded by the judgment in that action which was pleaded as a bar to this. The first suit was brought on substantially the same allegations as set forth in the present complaint and some of the relief demanded was the same as that now sought. The final judgment rendered was that the action was prematurely brought and the complaint was dismissed on the merits. It matters not that to some of the relief asked in the first action the plaintiffs were plainly not entitled. If they were at that time entitled to any relief on the facts pleaded the demurrer should have been overruled. The judgment sustaining the demurrer is conclusive between the parties that the plaintiffs were then entitled to no relief, and the situation has not been in any respect changed from the time of the institution of that action to the commencement of this. The Special Term, therefore, properly held that the judgment in the first action was a bar and dismissed the suit. But the Special Term also found, as a conclusion of law, that the plaintiff receiver had no title or interest in the trust fund or in the interest of the defendant Curtis A. Barnum therein. This conclusion of law, as an original proposition, is plainly erroneous, for the interest of said defendant in the fund vested in the plaintiff receiver. Nor did the judgment in the first suit require such a finding by the trial

court. An examination of the record and opinion in that case shows that all that was decided therein was that the action was prematurely brought, not that the plaintiffs had no title to or lien upon the remainderman's interest in the fund.

Therefore, the judgments below should be affirmed, without costs, and without prejudice to the right of the plaintiffs to demand and receive the trust fund upon the death of the life tenant.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment affirmed.