## BARBER et al. v. BARNUM.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

JUDGMENT—RES JUDICATA.

A judgment against a receiver of property of the defendant in proceedings supplementary to execution in an action brought by such receiver to sell defendant's interest as remainderman in certain real estate, on the ground that the receiver had no right to make such sale until after the death of the life tenant, is conclusive, though erroneous, on a subsequent motion for leave to make such a sale before the death of the life tenant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, § 88; vol. 30, Judgment, § 998.]

Appeal from Special Term, Otsego County.

Action by Clarence L. Barber and others against Curtis A. Barnum. From an order granting a motion by Chatfield Leonard, as receiver of property of the defendant, to renew a prior motion for leave to sell defendant's interest in certain property, and granting permission to make the sale, defendant appeals. Reversed, and motion denied.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Carlton B. Pierce, for appellant.
Clarence L. Barber, for respondents.

COCHRANE, J.   In the year 1886 Frank L. Smith was appointed receiver of the property of the defendant in proceedings supplementary to execution.   Such receiver has since died and the respondent is his duly appointed successor.   Defendant at that time had an interest under the will of his deceased father in certain real estate subject to the life interest therein of his mother.   His mother is still living, and his interest in the property now is the same as at the time of the appointment of the receiver save that the real estate has been sold and the proceeds stand in the place thereof.   The order appealed from permits the sale by the receiver of the defendant's interest in such property.   In the year 1888 the receiver moved at Special Term for leave to make such sale.   The motion was denied, but the order of denial permitted the receiver to bring any action he might deem advisable for the collection of the judgments he represented out of defendant's interest in his father's estate.   No appeal was taken from such order, but an action was instituted by the receiver, Smith, against the defendant and others interested in the property, wherein it was sought to sell defendant's interest therein, and to apply the proceeds of such sale in payment of the judgments against him.   Demurrers to the complaint for insufficiency were sustained by the General Term.   Smith v. Barnum, 50 Hun, 602, 3 N. Y. Supp. 476.   The complaint was subsequently dismissed on the merits.   In the year 1903 the present receiver and the judgment creditors instituted another action against the defendant and other parties interested in the fund, alleging in their complaint, with changed phraseology, substantially the same facts which had been alleged in the complaint in the prior action, and demanding relief which practically would have accomplished the same object which was sought to be accomplished by the prior action.   The defense of res adjudicata was interposed, sustained, and the complaint dismissed on the merits.   It was found as a conclusion of law and the judgment declared that the former action brought by Smith, as receiver, was res adjudicata against the plaintiffs as to the cause of action set forth in the complaint and was a bar thereto.   This judgment was affirmed by the Appellate Division without opinion and by the Court of Appeals "without prejudice to the right of the plaintiffs to demand and receive the trust fund upon the death of the life tenant."   See McGown v. Barnum, 182 N. Y. 547, 75 N. E. 155.   Thereafter the motion was made which resulted in the order now under consideration.

The foregoing recital of facts leads to a reversal of such order.   The Court of Appeals in its opinion, in speaking of the two actions, said:

"We deem the plaintiffs concluded by the judgment in that action which was pleaded as a bar to this.   The first suit was brought on substantially the same allegations as set forth in the present complaint and some of the relief demanded was the same as that now sought.   The final judgment rendered was that the action was prematurely brought and the complaint was dismissed on the merits.   *   *   *   The judgment sustaining the demurrer is conclusive between the parties that the plaintiffs were then entitled to no relief and the situation has not been in any respect changed from the time of the institution of that action to the commencement of this."

It only remains for us to add that the situation has not been in any respect changed down to the present time.   It has been duly adjudicated by judgment that proceedings to enforce the claims of the re-

ceiver against the defendant's interest in the trust fund must await the death of the life tenant. It is too late now for the respondent to escape the effect of such adjudication.

This motion seems to have been made as the result of a misconception of the said opinion of the Court of Appeals. That court held that the defendant's interest in the trust fund vested in the receiver, and could be sold by the latter. It was not intended to intimate, however, that the receiver may now make such sale. That remedy should have been awarded in 1888, when the receiver, Smith, first made at Special Term his motion for that purpose and instituted the first action. Such remedy, however, was denied under the mistaken view, as indicated in said opinion of the Court of Appeals, that a sale before the death of the life tenant would be premature. It is this adjudication, although erroneous, which must conclude the receiver on this motion as it concluded him in the last action which was before the Court of Appeals. As intimated by that court, it is regrettable that the subject of this controversy should have been the occasion of so much unnecessary litigation. We also regret that an error should have been made in the early history of the litigation, whereby the receiver was deprived of an existing right. But it has been judicially declared, although erroneously, that whatever right he has must abide the event of the life tenant's death, and we are powerless to avoid the effect of such determination.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs; such costs and disbursements, however, to be applied in reduction of the judgments represented by the receiver. All concur.